BEAUMAN v. WELLS, FARGO & COMPANY EXPRESS.

Opinion delivered November 18, 1905.

1. COMMON PLEAS COURT—APPOINTMENT OF SPECIAL JUDGE.—Under Const. 1874, art. 7, § § 32, 34, providing that the judge of the county court shall be the judge of the probate court, and that the General Assembly may authorize the judge of the county court to hold a court of common pleas, and *Id.*, § 36, providing that "whenever the judge of the county or probate court may be disqualified in any cause or causes pending in his court, he shall certify the facts to the Governor of the State, who shall thereupon commission a special judge," etc., *held* that the Governor is authorized to appoint a special judge of a court of common pleas to try a case in which the county judge is disqualified. (Page 154.)

2. SPECIAL JUDGE—AUTHORITY.—A record in a case appealed from the common pleas court which shows that the regular judge certified his disqualification therein, and that a special judge was duly appointed by the Governor to preside in the cases in which the regular was disqualified, and took the oath of office and proceeded to try this case, is sufficient to disclose the authority of the special judge to preside in the case. (Page 155.)

3. CIRCUIT COURT—PRACTICE ON APPEAL.—Where, on plaintiff's appeal to the circuit court from the court of common pleas, plaintiff moved to dismiss for want of jurisdiction, which was overruled, and then refused to proceed further, the court should either have dismissed his

appeal or, on motion of defendant, proceeded to try the case, but should not have affirmed the judgment of the lower court.   (Page 155.)

4.  APPEAL,—EXCESSIVE JUDGMENT—REMITTITUR.—Where, by mistake, judgment was entered below for a larger sum than plaintiff asked, a remittitur of the excess will be allowed.  (Page 156.)

Appeal from Lonoke. Circuit Court; GEORGE M. CHAPLINE, Judge; reversed.

Action in replevin in the common pleas court by Guy Beauman against Wells Fargo & Company Express and Sherwood Lithograph Company to recover one hundred and fifty maps, of the alleged value of $150. The plaintiff gave bond, and the property was seized by the officer under the writ, and delivered to the plaintiff. Defendant answered, asking that the maps be returned or the sum of $70 and costs be paid, amounting in all to $75.35. While the cause was pending in the common pleas court, the regular judge certified his disqualification to the Governor in this case, and the record recites that J. C. Boyd was appointed to try cases generally in which the regular judge was disqualified, and undertook to act as such in this case, "whereupon comes the plaintiff by his attorney and objects to the court as organized trying the case for want of jurisdiction, which motion is by the court overruled." The cause thereupon proceeded to judgment against plaintiff, and he appealed to the circuit court. There he filed a motion "not to proceed to a judgment in this cause for want of jurisdiction, setting up three grounds, namely: that the judgment below was illegal; that the court below was illegal and unlawfully organized and without authority of law, and the judgment rendered void; that the said circuit court had no jurisdiction in the matter." The circuit court overruled this motion, and plaintiff declined to plead further, and the court affirmed the judgment of the common pleas court, and rendered judgment against the plaintiff and the sureties on his appeal bond for the alleged value of the property, $150, and they appealed to this court.

*Thos. C. Trimble, Joe T. Robinson* and *Thos. C. Trimble, Jr.,* for appellants.

The Constitution and statutes confer no power on the Governor to appoint a special judge for a court of common pleas. Const. art. 7, § 1; *Ib.* § 21; Acts 1889, p. 109; 12 Am. & Eng. Enc.

Law (1 Ed.), 26; 74 Mo. 50; 68 Ga. 49; 6 How. (Miss.), 326; 6 Col. 574. Parties cannot of their own authority, independently of Constitution or statute, confer judicial authority. Judgment by the appointee is a nullity. Am. & Eng. Enc. Law (1 Ed.), vol. 12, 30; 45 Ark. 478; 39 Ark. 254; 42 Ark. 126.

2. Appointment of a special county judge "to try cases in which the regular county judge was disqualified" conferred no authority in this specific case. 52 Ark. 113.

3. The judgment was excessive.

*Geo. Sibly,* for appellees.

1. The county judge shall be the judge of the court of common pleas. Const. art. 7, § 32. No legal qualifications are required. *Ib.* § 29. Appellants selected the tribunals in which to proceed, and on them was the duty to see the regularity of the appointment of a special judge.

2. The appointee was judge *de facto,* if not *de jure.* Objection must be made before trial, or it will be disregarded. 1 Freeman on Judgments, § 148. Appellants waived any irregularity by moving for and obtaining a continuance, and by appeal to the circuit court for trial *de novo.*

McCulloch, J. The main question presented by this appeal is whether or not the Governor is authorized by the Constitution of the State to appoint a special judge of a court of common pleas to try a case in which the judge of that court is disqualified.

The Constitution provides that the judge of the county court shall be the judge of the probate court, and that "the General Assembly may authorize the judge of the county court of any one or more counties to hold severally a quarterly court of common pleas in their respective counties, which shall be a court of record with such jurisdiction," etc. Const. 1874, art. 7, § § 32, 34.

Section 36, art. 7, of the Constitution reads as follows:

"Whenever the judge of the county or probate court may be disqualified in any cause or causes pending in his court, he shall certify the facts to the Governor of the State, who shall thereupon commission a special judge to preside in such cause or

causes during the time said disqualification may continue, or until such cause or causes may be finally disposed of."

We think that the framers of the Constitution intended, in the foregoing section, to confer upon the Governor of the State the power to appoint special judges to try all cases in which the county judge is disqualified, pending in either of the three courts over which he presides. If, in the foregoing section, all express reference to the probate court had been omitted, there would be no grounds for serious hesitation over the question, as the construction just announced would be perfectly plain. But when we consider the fact that the Constitution provides methods of election or appointment of judges of all other courts in cases of disqualification of the regular judges, and that provision is made in no other section for the selection of special judges of the common pleas courts, we think it is equally manifest that this section was intended as authority for appointment of special judges of that court. The fact that both county and probate courts are expressly mentioned in this section, and the common pleas court omitted, may be accounted for upon the theory that, as the first-named two courts were put into operation by force of the Constitution itself, whilst the establishment of the last-named court was left optional with the Legislature, it was not deemed important to expressly mention the last-named court. Be that as it may, however, we entertain no doubt that such appointments are authorized by this section of the Constitution.

It is also urged that the record of the common pleas court does not affirmatively show that the special judge was commissioned to preside in this case. We find, however, upon inspection of the record as found in the transcript here, that it affirmatively appears that the regular judge announced and certified his disqualification in this case, and that the special judge was duly appointed by the Governor to preside in the cases in which the regular judge was disqualified, and took the oath of office and proceeded to try this case. We think the record is sufficient to disclose the authority of the special judge to preside in the case, and that his judgment was invalid.

The circuit court erred, however, in rendering judgment for the full value of the maps as stated in the complaint. The case was before the circuit court on appeal for trial *de novo,* and when

the plaintiff, who was appellant from the court of common pleas, refused to plead further after his plea to the jurisdiction had been overruled, his appeal should have been dismissed, or, on motion of the appellees, a trial should have been had. Instead of doing either, the circuit court affirmed the judgment of the common pleas court, and rendered judgment against the appellant and the sureties on his bond. Appellant does not complain here of the judgment of the court in that regard, except that it was for an excessive amount. The defendants had a special ownership in the property sued for to the extent of the amount due them, $75.35, and no more. They were not entitled to recover more than that sum from the owner, and in their several answers they only asked for judgment for that amount.

Inasmuch as appellant does not complain of the judgment except as to its excessiveness in amount, the same will be affirmed upon the entry within 10 days by appellees of a remittitur down to said sum of $75.35; otherwise, the judgment will be reversed, and the cause remanded for further proceedings.