BROWNFIELD *v.* DUDLEY E. JONES COMPANY.

Opinion delivered April 3, 1911.

1. SALE—RIGHT OF VENDEE TO COUNTERCLAIM DAMAGES.—A vendee, when sued for the purchase money of machinery, is entitled to counterclaim damages sustained by the vendor's failure to perform the contract relating to the sale of such machinery. (Page 497.)

2. TRIAL—TRANSFER TO EQUITY.—A cause pending in the circuit court on appeal from a justice of the peace cannot be transferred to equity. (Page 498.)

3.  SALES—TIME OF DELIVERY.—Where a contract of sale leaves the matter of delivery subject to notice to be given thereafter by the vendee, the vendor has a reasonable time in which to deliver after notice from the vendee. (Page 499.)

4.  SAME—DELIVERY TO CARRIER.—As soon as a vendor delivers property to a carrier, duly consigned to the vendee, the title passes to the vendee, and for any delay in shipment the vendee's remedy is against the carrier. (Page 500.)

5.  SAME—DAMAGES—WHEN TOO REMOTE.—Where a vendor, in response to a telephone call, told the vendee that it was then shipping the machinery which it had sold to the vendee, and the vendee sent teams and wagons to the nearest railroad station to get the machinery and found that it had not arrived, the statement as to when the property was shipped was not part of the contract, but was independent thereof; but, if it were a part of the contract, damages incurred by reason of its falsity were not reasonably in contemplation of the parties. (Page 500.)

6.  APPEAL AND ERROR—EXCESSIVE DAMAGES—REMITTITUR.—Where the circuit court, on appeal from a justice of the peace, entered judgment for damages on account of detention of personal property in excess of $100, the limit of jurisdiction in such case, the judgment below will not be affirmed except upon a remittitur of the excess. (Page 500.)

Appeal from Cleburne Circuit Court; *Brice B. Hudgins,* Judge; affirmed on remittitur being entered.

*Bratton & Fraser,* for appellant.

1. A counterclaim for damages is allowable in replevin. 56 Ark. 450; 42 Ark. 100; 60 *Id.* 387; 34 Cyc. pp. 1417-1418.

2. Replevin suits may be transferred to chancery on motion. 56 Ark. 450; 42 *Id.* 100; 71 *Id.* 408; 73 *Id.* 464. A case on appeal from the probate court cannot be transferred (70 Ark. 88), and in 46 Ark. 166 it was held there was no Code provision for transfer in appeal cases from a justice of the peace court. There is no statute forbidding such a transfer. Kirby's Dig. § § 5995, 1282.

3. It was error to refuse defendant the right to prove his counterclaim. 77 Ark. 237; 69 *Id.* 434; 85 *Id.* 445. Justice courts can administer equitable remedies. 54 Ark. 33; 44 *Id.* 381; 55 *Id.* 104.

4. The expenses to Kensett and damages caused by delay in shipment were proper elements of damage. Kirby's Dig. § § 6099, 4605, 4552, 2 subdiv.

5.  The judgment for $150 is void, as justices have no jurisdiction to render judgment over $100.   61 Ark. 34; 44 *Id.* 377; 62 *Id.* 212; 69 *Id.* 434; 43 *Id.* 111.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

1.  A case appealed from a justice of the peace cannot be transferred to chancery.   44 Ark. 377; 46 *Id.* 163; 70 *Id.* 88.

2.  The damages offered to be proved were speculative and too remote.   13 Cyc. 53, 54.   If plaintiff was liable at all, it was for misrepresentation of an existing fact—a *tort*—enforceable only by action for deceit.   This cannot be set up as a counterclaim.   27 Ark. 489; 40 *Id.* 75.

3.  The judgment for $150 was simply an oversight.   The judgment is not void, simply excessive, but is a proper case for a remittitur.   77 Ark. 152, 156.

FRAUENTHAL, J.   This was an action of replevin originally instituted before a justice of the peace by Dudley E. Jones Company, the plaintiff below, for the recovery of a boiler and $100 damages for its detention.   The property was sold by the plaintiff to the defendant under a contract whereby part of the purchase money was paid and for the balance defendant executed a note in which it was stipulated that the title to the property should remain in the plaintiff until its payment.   The note was past due and unpaid at the time of the institution of this suit.

The defendant admitted the execution of the note, but pleaded by way of counterclaim certain damages which he alleged he sustained by reason of the failure on the part of plaintiff to ship the boiler at the time agreed upon, and alleged that such damages exceeded the amount of said note.

Upon an appeal of the case to the circuit court the defendant asked that it be transferred to the chancery court, which was refused.   The cause by consent of both parties was then tried by the court, who made a finding and rendered judgment in favor of the plaintiff for the recovery of the property and $150 damages for the detention thereof, and from this judgment the defendant has appealed to this court.

The right of plaintiff to recover in this action the property which it had conditionally sold to the defendant depends upon whether there was anything due to it upon the note given there-

for.    If the defendant was legally entitled to recover the damages set out in his answer, and if the amount of those damages was equal to or exceeded the amount of said note, then this would defeat the plaintiff's right to recover in this action, for the reason that there could then have been nothing due to the plaintiff upon said note.    The defendant, therefore, had a right in this action to plead and to prove by way of counterclaim as a defense herein the damages which he had legally sustained by reason of any failure of plaintiff to perform on its part the contract relating to the sale of said boiler.    *Ames Iron Works* v. *Rea,* 56 Ark. 450; *Johnson* v. *St. Louis Butchers' Supply Co.,* 60 Ark. 387; *Ramsey* v. *Capshaw,* 71 Ark. 408.

This case was pending in the circuit court only upon appeal from an inferior court, and on that account it was not proper to transfer it to the chancery court; but the defense by way of counterclaim set out in the answer was cognizable in a court of law if the defendant was legally entitled to recover the damages therein pleaded.    The question to be determined then is whether or not the defendant was legally entitled to recover from plaintiff the damages he alleged he sustained under the testimony which was introduced or which could legally have been introduced upon the trial of this case.

The plaintiff was located at Little Rock, Arkansas, and under the terms of the contract of sale of the boiler it was to be delivered by it to a common carrier at that place and consigned to the defendant at Kensett, Arkansas.    The contract was made some time prior to October, 1907, and it was agreed that the plaintiff would ship the property whenever the defendant should order it done.    Some time about the 1st or 2d of October the defendant directed the plaintiff to ship the boiler to him in the manner above stated, and the testimony on the part of the plaintiff tended to prove that it immediately attempted to get a car from the common carrier at Little Rock, and that it obtained such car about the 7th or 8th of October, and immediately loaded the boiler thereon, and thereupon delivered same to the common carrier at Little Rock, duly consigned to defendant at Kensett, Arkansas, within a reasonable time after it received the notice from the defendant to ship same.

It appears that the defendant intended to locate said boiler at some distance from Kensett, and it offered to prove that about the 6th or 7th of October it communicated by telephone from Heber, Arkansas, with some one at the office of the plaintiff in Little Rock and made inquiry as to whether or not the boiler had been shipped, and that the party replied that the boiler had been loaded on the car. Thereupon the defendant on October 8th went to Kensett, a distance of 40 miles, with a number of teams in order to haul the boiler from Kensett to the point where he desired to locate it. He found that the boiler had not then arrived at Kensett, and he then went to Little Rock and saw the plaintiff. This was about the 9th of October, and the testimony on the part of the plaintiff tended to show that it had loaded the boiler on the car prior to his arrival and obtained the bill of lading therefor on the latter date. The property arrived at Kensett about the 14th of October.

The items of damages claimed by the defendant in his counterclaim consisted of the expenses which he incurred by reason of the trip made with the teams to Kensett in order to get the boiler on October 8th and the loss of profits in the use of same by reason of the delay in the shipment thereof.

The testimony on the part of the plaintiff tended to prove that only one message by telephone was received at its office, and that at that time it replied that it was loading the same on the car, and that this was true, and that any delay that occurred in the shipment of the boiler was caused by the common carrier. At least, there was some evidence warranting the finding of the court to that effect.

Now, before the defendant would be entitled to recover by way of counterclaim herein any damages, it was incumbent upon him to prove that such damages arose either because the plaintiff had not complied with some obligation of the contract which it made at the time of the sale or because it violated some duty imposed upon it by law relative thereto. At the time the contract was made for the sale of the boiler, there was no definite time specified when it should be shipped, but this was left subject to notification thereafter to be made by the defendant. The effect of this was that the plaintiff had a reasonable time in which to ship the boiler after receiving notification from the defendant, and

the evidence on the part of the plaintiff was sufficient to warrant the finding of the court that the plaintiff did ship the property within a reasonable time after receiving such notification. So that the plaintiff did not violate any obligation of the contract on its part. As soon as it delivered the property to the common carrier, duly consigned to the defendant, the title thereto vested in the defendant; and if there was any delay thereafter in the carriage of said property, his right of action for any damages arising therefrom was against the carrier and not against the plaintiff. But it is urged by the defendant that he was misled by the plaintiff as to the time when it had actually delivered the same to the common carrier, and on that account he was damaged in the expense of the teams which he sent to Kensett for the property. We do not think that the statement as to when the property was shipped, if it was made by the plaintiff, was a part of the contract; but it was independent thereof. In addition to this, however, if it was so connected with the transaction that damages would be recoverable upon account of its falsity, we do not think that the damages claimed by the defendant were reasonably within the contemplation of the parties so that recovery could be had therefor. There was no evidence showing that the plaintiff knew or had any notice that the defendant was going to send a number of teams to Kensett at once on account of receiving such information and would incur any expense on that account, nor that he would suffer any loss in profits by reason thereof. Such damages were, therefore, too remote to be recovered, even if the plaintiff made a false statement as to the time of the shipment of the boiler, and it should be deemed to be a part of the transaction.

It, therefore, follows that, under the law and under the testimony which was introduced, or that was offered upon the trial of this case, the defendant was not entitled to recover any damages herein from the plaintiff. There was no error, therefore, committed by the lower court in entering a judgment in favor of the plaintiff for the recovery of the property. But the court erred in rendering a judgment in favor of the plaintiff for the recovery of $150 damages for the detention thereof. The suit was instituted in the court of a justice of the peace, and the circuit court, upon appeal, could not enter any judgment that

could not have been rendered by the justice of the peace. The justice of the peace could not render a judgment for damages for the detention of the property in excess of $100. (Constitution of 1874, art. 7, § 40.)

It is true that the testimony in this case showed that the defendant had detained this property for a period of two years, and that the usable value of the property was $75 per year, but, inasmuch as the court was not justified in rendering a judgment for damages on account of detention of property in excess of $100, it committed error to the extent of rendering judgment in excess of that sum. But this error can be remedied by remittitur. *Beauman* v. *Wells, Fargo & Co. Express,* 77 Ark. 152. If, therefore, the plaintiff will enter a remittitur of said damages down to the sum of $100 within ten days, the judgment of the lower court will be affirmed; otherwise the judgment will be reversed, and the cause remanded for a new trial.