McLain *v.* Brewington.

Opinion delivered March 31, 1919.

1. Courts—Jurisdiction—Appeals from probate court.—Const., art. 7, § 34, confers exclusive jurisdiction upon the probate court in matters of guardianship of minor children, with a right to appeal to the circuit court, but no right of appeal to the chancery court.

2. Courts—Jurisdiction—Transfer of causes.—Kirby's Digest, § § 5991, 5994, 5995, authorizing transfers of causes from the circuit to the chancery court, or *vice versa,* apply only to actions which originate in one or the other of those courts, and not to causes appealed to the circuit court from one of the inferior courts.

3. COURTS—JURISDICTION—CONSENT.—Consent can not confer jurisdiction of the subject-matter of a cause where such jurisdiction could not under any circumstances otherwise exist. '

4. JUDGMENT—CONSOLIDATED ACTIONS—PARTIAL INVALIDITY OF DECREE. —Where two proceedings were transferred to the chancery court and consolidated, and the decree is void as to one of them for lack of jurisdiction, it is not necessarily void as to the other, of which it had jurisdiction.

5. GUARDIAN AND WARD—CUSTODY OF CHILD.—It was not error for the chancery court to refuse to disturb the custody of an infant by transferring it during the pendency of a contest over its guardianship.

Appeal from Fulton Chancery Court; *Geo. T. Humphries,* Chancellor; reversed in part and affirmed in part.

*Ellis & Jones,* for appellant.

1. McLain had the right to appeal from the action of the probate court. Kirby's Digest, § 1347; art. 7, § 35, Const. 1874; 18 Ark. 600; 22 *Id.* 368. The appeals are in proper form. *Ib.* Appellees can not question the transfer to chancery, because they asked for the transfer themselves.

2. The court erred in overruling the demurrer of appellant McLain. By electing to stand upon the one reason of tuberculosis they waived all other reasons why McLain should not be appointed, as he was competent and a suitable person for guardian. Kirby's Digest, § § 3758, 3768, 3772. The probate court is vested with the sound legal discretion to appoint a guardian and that discretion will not be overruled except for manifest error or abuse of discretion. 18 Ark. 600; 22 *Id.* 368.

3. Where the parents are dead the grandparent or grandmother, where next of kin, is a minor's natural guardian. 92 Iowa, 202. See also Woerner on Guardianship, § 32; 10 Sm. & M. (Miss.), 624. Relatives are preferred to a stranger. Hopkins, Chy. 226; 44 Ga. 485; 63 Mich. 319; 14 Id. 249; 45 Atl. 980; 2 N. J. Eq. 78; 146 Pa. St. 585; 2 Atk. 315; 25 Miss. 290; 9 Am. & Eng. Enc. Law 92. These authorities show also that the only burden upon McLain was to show that he was not incompe-

tent and unfit as guardian by reason of tuberculosis. He and his wife are the relatives, next of kin. Mrs. Brewington is also a grandmother of the minors, but did not ask to be appointed guardian, and thus recognized her own unfitness. She is estopped by her own acts.

Physicians are experts. The witnesses below testified in answer to hypothetical questions and appellees can not question their testimony. 5 Enc. of Ev., p. 539; Hughes on Ev. 159. No question about this testimony was raised below and appellees can not now complain. 77 Ark. 426; 98 *Id.* 359-60. *Ib.* 409. Their testimony was worthy of credit. There was manifest error and abuse of discretion in holding that McLain was not a suitable guardian and in appointing Short. Kirby's Digest, § 3777, etc.

4. The duly appointed guardian of a child is entitled to its custody as against one to whom the parent had given the child. 128 Col. 214; 67 Iowa, 640; 123 *Id.* 165; 14 N. J. Eq. 540. The judgment of the probate court is conclusive as to the rights of a guardian as to the child's custody. 21 Tex. 511; 9 Am. & E. Enc. Law 99. The child's best interest should always prevail. 86 Ark. 473; 89 *Id.* 501; 78 *Id.* 193; 106 *Id.* 197.

5. An appeal in chancery brings up every paper in the cause, the whole record. No motion for new trial or bill of exceptions were necessary. 38 Ark. 477; 35 *Id.* 225. The cause should be reversed for the errors above named, and the cause remanded with directions to appoint McLain guardian and award him the custody of the minors. Cases *supra.*

*H. A. Northcutt,* for appellees.

No motion for a new trial was made and there is no bill of exceptions. Kirby & Castle's Digest, § § 7657-60. The action of the probate court is conclusive unless there is manifest error or abuse of discretion, and here none is shown. 18 Ark. 600; 22 *Id.* 368. The findings of the chancellor are sustained by the evidence and the law and the decree should be affirmed. *Supra.*

McCULLOCH, C. J.    This is a controversy over the custody of two infant orphans under the age of fourteen years, residing in Fulton County, and also over the appointment of a guardian for said infants.    Appellant is the grandfather of the two children on the paternal side, and Rilda Brewington, one of the appellees, is the grandmother of the children on the maternal side.    In June, 1918, appellant filed his application with the clerk of the probate court of Fulton County for letters of guardianship of the persons and estates of said infants, and upon the execution of a bond the clerk issued the letters.    The children were then living with Mrs. Brewington, and on July 3, 1918, appellant instituted an action in the chancery court against Mrs. Brewington for the recovery of the custody of the children.    During the pendency of the action in the chancery court Mrs. Brewington appeared in the probate court of Fulton County at the first term thereof after the issuance of letters of guardianship to· appellant and filed therein a remonstrance against the confirmation of the action of the clerk-in granting said letters.    She alleged that appellant was not a proper person to whom letters of guardianship over the persons and estate of said infants should be granted, and the court sustained the remonstrance and refused to confirm the action of the clerk.    The letters of guardianship issued to appellant were revoked and appellee J. M. Short was appointed by the probate court as guardian of said infants.

Appellant prosecuted an appeal to the circuit court from the judgment of the probate court.    Appellees appeared in the circuit court and moved to transfer the proceedings therein on appeal to the chancery court, and the order of transfer was made without objection.    When the chancery court convened, the two proceedings, that is to say, the appeal from the judgment of the probate court and the action instituted in the chancery court by appellant against Mrs. Brewington, were consolidated by consent, and progressed to a final decree in favor of the appellees.

The first question presented is whether or not the chancery court had jurisdiction to hear and determine the appeal from the probate court. We are clearly of the opinion that the chancery court had no such jurisdiction. The Constitution (art. VII, § 34) confers exclusive jurisdiction upon probate courts "in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians and persons of unsound mind and their estates;" and there is also conferred a right of appeal to the circuit courts from judgments and orders of probate courts. There is no right of appeal to the chancery court.

The statute authorizing transfers of causes from the circuit to the chancery court, or *vice versa,* applies only to those actions which originate in one or the other of those courts (Kirby's Digest, § § 5991, 5994, 5995), and does not confer authority for the transfer of a cause appealed to the circuit court from one of the inferior courts. *Jackson* v. *Gorman,* 70 Ark. 88; *McCracken* v. *McBee,* 96 Ark. 251; *Brownfield* v. *Dudley E. Jones Co.,* 98 Ark. 495.

There was no objection to the transfer of the cause, but consent can not confer jurisdiction of the subject-matter of the proceedings where such jurisdiction could not, under any circumstances, otherwise exist. *Price* v. *Madison County Bank,* 90 Ark. 195.

It does not follow, however, that the whole of the decree is void, or even erroneous, for the chancery court had jurisdiction of the action for the custody of the children. The cause was heard on oral testimony brought upon the record by bill of exceptions. The letters of guardianship issued to appellant by the clerk of the probate court were revoked by that court and another person was substituted as guardian who left the children in the custody of their grandmother, Mrs. Brewington. The court did not err in refusing to disturb that custody by transferring it to appellant during the pendency of the contest over the guardianship.

The decree of the chancery court to that extent will be affirmed.

The decree so far as it relates to the disposition of the appeal from the probate court is reversed and the cause is remanded with directions to remand it to the circuit court for further proceedings.