WATKINS *v.* ACKER.

4-4879

Opinion delivered December 20, 1937.

*Brundidge & Neelly, John E. Miller* and *C. E. Yingling,* for appellant.

*W. H. Gregory, B. E. Taylor* and *R. W. Robins,* for appellee.

BUTLER, J. This case came originally to this court on appeal from a judgment of the lower court approving the settlement of the appellant as executor of the estate of S. M. Acker, deceased. The judgment was reversed and, upon mandate being filed in the trial court, appellant moved to transfer the cause to equity. The motion was overruled and the case heard on certain evidence and stipulation of counsel. The court restated the account of the executor and charged him with the total sum of $3,121.01, which included demands against the estate in the sum of $1,926.12 paid out by the executor and not probated in the manner prescribed by statute. The court, in its order, specifically found: ''Each and all of which said claims thus paid by the executor the court finds to have been owing by S. M. Acker at the time of his death, and remaining unpaid on the date of the payment thereof by said executor, the payment of which could have been enforced against said estate if same had been properly probated as required by law.'' After having saved exceptions to the order and judgment of the court and having prayed and been granted an appeal to this court, appellant filed a renewal of his motion to transfer to equity on the theory that he was entitled to subrogation as to the rights of the creditors of the estate whose claims had been discharged, and, on the further ground that ''in its finding and judgment herein this court has found and declared that said claims paid by him as such executor in the total sum of $1,926.12, . . . . were legal, valid and subsisting claims against said estate at the date of the payment thereof by said executor, by reason of which said finding he is entitled to be subrogated to all of the rights of the persons to whom said claims were paid as of the

date of the payment thereof as against the estate of S. M. Acker, deceased, and this court is without power to grant him said relief or any other proper relief with respect thereto."

The motion was overruled, and in the order denying its prayer reference was made to the finding of fact of the court in its judgment, and, with permission of the court, the motion to transfer was renewed and, the same being overruled, exceptions were saved.

Quoting the language of appellant: "The appeal is based upon the ground that the trial court erred in overruling appellant's motion to transfer to equity, this error being apparent upon the face of the judgment of the court itself. The cause should have been transferred for the reason that under the undisputed facts, as well as under the finding and judgment of the court, the appellant was entitled to the application of the doctrine of subrogation, and for that reason that, even if the doctrine of subrogation does not apply, appellant was entitled to equitable relief under the maxim that 'Equity will not suffer a wrong without a remedy,' a court of law being without power to grant relief in either case."

Counsel for the litigants have devoted much of their briefs to a discussion of the doctrine of subrogation and its applicability to the state of facts as found to exist by the trial court with relation to the claims against the estate paid by the executor. Appellant quotes from the textwriters who state the doctrine of subrogation and our decisions which have applied it contending that these cases are authority for the contention made by him. Appellee insists that the doctrine has no application and that the cases cited in which it was applied for the relief of those who had discharged debts for which they were entitled to subrogation are based on facts essentially different from those in the case at bar. We pass a consideration of this question for the reason that appellant, in seeking to invoke that doctrine, is met at the threshold of his case with two insuperable obstacles; first, the opinion of this court in the case of *Acker* v. *Watkins*, 193 Ark. 192, 100 S. W. 2d 78, the instant case being but a continuation of that proceeding. The opinion in that

case reversed the judgment of the court below approving the account current of the executor and remanding the cause with directions to the circuit court "to restate the account charging the executor with the amounts he paid on unprobated claims, and with all collections he made or should have made for the estate upon notes and rents from the real estate." The mandate issued and filed in the court below contained this direction. The language of the mandate is imperative and leaves nothing to the discretion of the trial court in so far as it relates to the unprobated claims. The general rule, and the one adopted by this court early in its history, is that whatever is before the Supreme Court and disposed of in the exercise of its appellate jurisdiction must be considered as settled and the lower court must carry that judgment into execution according to its mandate. In the case of *Fortenberry* v. *Frazier,* 5 Ark. 200, 39 Am. Dec. 373, this court declared the law to be:

"Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated by the Supreme Court. . . . The principles above stated are, we think, conclusively established by the authority of adjudged cases. And any further departure from them would inevitably mar the harmony of the whole judiciary system, bring its parts into conflict, and produce therein disorganization, disorder, and incalculable mischief and confusion. Besides, any rule allowing the inferior courts to disregard the adjudications of the Supreme Court, or to refuse or omit to carry them into execution would be repugnant to the principles established by the Constitution, and, therefore, void."

A number of cases might be cited following and re-affirming the rule above quoted, but it is sufficient to say that there has been no impairment of the doctrine stated, *supra,* and it has been adhered to as late as the case of *Arkansas Baptist College* v. *Dodge,* 189 Ark. 592, 74 S. W. 2d 645. In that case the direction of this court to the lower court was to sustain appellant's plea of *res judicata* and to dismiss the complaint of appellee for want of equity. On remand, the trial court attempted to vary from the mandate by permitting appellee to file other pleadings. This court issued a writ of prohibition forbidding the chancellor to enter any decree except as mentioned in the mandate. In doing so, we said: "From the paragraph of the opinion quoted, it definitely appears that the cause was reversed with specific directions to enter a decree in accordance with the opinion. Therefore, there was nothing for the chancellor to do but enter a decree dismissing the complaint for want of equity."

Second, the case arose in the probate court and related to a subject-matter over which it had exclusive jurisdiction. Accordingly, the circuit court on appeal had no authority to transfer the cause to the chancery court.

The appellant, in his reply brief, calls our attention to the provisions of the will by which a trust estate was created in favor of appellant, executor, and he argues that by reason of this he might have, in the first instance, invoked the jurisdiction of a court of equity for a construction of the will and an adjudication of his trustee account; and argues under the authority of *Baxter* v. *Duvall,* 152 Ark. 175, 237 S. W. 701, that, although the case reached the circuit court on appeal from the probate court, it might be properly transferred to the chancery court where the suit might have been brought originally. In support of this contention, we are referred to 65 C. J. 891, § 788, and the cases of *James* v. *Echols,* 183 Ark. 826, 39 S. W. 2d 290, and *Mock* v. *Pleasants,* 34 Ark. 63. In the text cited the well-recognized rule is stated that courts of probate have no jurisdiction over trusts except as conferred by constitutional or statutory provisions and, where no authority is thus conferred on them as to trustee's accounts, they have no jurisdiction as to them. The

case of *James* v. *Echols, supra,* was brought in the chancery court to construe a will as it related to the compensation to be paid to the executor for his services and to personal expenses reasonably incurred in the management of the estate. The case of *Mock* v. *Pleasants, supra,* is no authority for appellant's contention. It was instituted in the chancery court to review the judgment of the probate court approving the settlement of an administratrix on the ground of fraud practiced in its procurement. The court merely held that the complaint as to one of its allegations was sufficiently specific as to its plea of fraud and was good upon demurrer, and that it stated a cause of action under one of the ordinary grounds of equity jurisdiction.

In the case at bar, there is no question as to the construction of the will or a settlement of "trustee's accounts." It is simply a question of the settlement of an administrator of a subject over which probate courts have exclusive jurisdiction, namely, the probate and payment of debts due by the testator's estate. As early as the case of *Horner* v. *Hanks,* 22 Ark. 572, the exclusive jurisdiction of probate courts over the payment of claims against deceased persons was recognized, of which doctrine there can be no doubt under the clear provisions of the statute and subsequent decisions of this court. Therefore, the case before us is not one where one of the ordinary grounds for equity jurisdiction is presented.

This court has frequently held that a case originating in the probate court in a cause over which it has jurisdiction cannot, on appeal to the circuit court, be transferred to equity. The reason is stated in the case of *Jackson* v. *Gorman,* 70 Ark. 88, 66 S. W. 346, cited by appellee, as follows: "The chancery courts are in no sense appellate courts in this state, for there are no courts inferior to them which have chancery jurisdiction. In this case it was sought to invoke a jurisdiction on appeal which can only act by original bill, or in cases where the code provides for a transfer of cases commenced on the law side of the circuit court by mistake to the proper docket or forum. To transfer a case on appeal, where the appellate court tries *de novo,* is to change the cause of action by

amendment from what it was in the court of original jurisdiction to a new and different action, which we think cannot be done. Therefore, there was no error in the refusal by the circuit court to transfer.''

In the case of *McLain* v. *Brewington*, 138 Ark. 157, 211 S. W. 174, the appellant prosecuted an appeal to the circuit court from the judgment of the probate court, the controversy being over the custody of two infant orphans, under the age of fourteen years, and the appointment of a guardian for said infants. When the case reached the circuit court, the cause was, on motion of one of the parties, transferred to the chancery court. This order was made and the case proceeded to judgment in the chancery court without objection. This court noted that, under the provision of Art. VII, § 34, of our Constitution, exclusive jurisdiction was given probate courts in matters relative to the probate of wills, the estates of deceased persons, administrators, guardians and persons of unsound mind, etc., wherein the right of appeal is given to circuit courts from the judgment and orders of probate courts. We also noticed the statute authorizing transfer of causes from the circuit to the chancery court, or *vice versa,* and held that that statute applied only to actions originating in one or the other of these courts, and did not confer authority for the transfer of a cause appealed to the circuit court from one of the inferior courts. As to the controversy relating to the guardianship, the effect of the court's decision was that such proceeding was not one over which chancery courts had jurisdiction and that, although no objection was made to the transfer of the cause, consent could not confer jurisdiction of the subject-matter where such jurisdiction could not, under any circumstances, otherwise exist.

The Constitution, cited, *supra,* vests exclusive jurisdiction in the probate court over matters relating to the estates of decedents and especially as to demands against such and the manner in which the same may be presented, proven and allowed, as a condition precedent to the authority of the administrator or executor to pay them, is prescribed in §§ 100 to 113, both inclusive, Pope's Digest. The trial court, therefore, properly denied the motion to

transfer and entered judgment in accordance with the directions of the mandate, and its judgment is affirmed.