Leslie ANDERSON *v.* SHARP COUNTY, ARKANSAS

87-342                                               749 S.W.2d 306

Supreme Court of Arkansas
Opinion delivered May 9, 1988

*Ponder & Jarboe*, by: *Harry L. Ponder*, for appellant.

*Jim Stallcup*, Prosecuting Att'y, *Stewart K. Lambert*,

Deputy Prosecuting Att'y, for appellee.

JACK HOLT, JR., Chief Justice. The appellee, Sharp County, Arkansas, brought this cause of action in replevin to obtain title to items of jewelry which the appellant, former County Judge Leslie Anderson, received as a bribe. The case was presented to the Sharp County Circuit Court on the following agreed statement of facts:

Stewart Lambert, Deputy Prosecuting Attorney, and Harry L. Ponder, attorneys respectively for plaintiff, Sharp County, Arkansas, and defendant, Leslie Anderson, hereby agree that the following is a statement of the facts in this cause, and that the case should be tried on said agreed statement of facts:

1.

Defendant, Leslie Anderson, was County Judge of Sharp County, Arkansas, duly qualified and acting, during the years 1977 and 1978.

2.

Sometime in 1978 defendant received from one Ralph Shaddox certain jewelry as a reward for permitting Ralph Shaddox to do business with Sharp County, Arkansas . . . . [List omitted.]

3.

Sometime in 1978 the jewelry listed above was found by Oklahoma State Trooper Choate in the trunk of a car driven by Anderson, after being impounded by the Oklahoma State Police on a traffic charge.

4.

On being questioned by Oklahoma Prosecutor Frank Rayhall and Oklahoma State Trooper Jack Choate, Anderson said that he received the jewelry listed above because Sharp County did business with Ralph Shaddox. He further said that "kickbacks" had to be in money and he only took jewelry.

5.

When applied to public servants the terms "bribe" and "kickback" are synonymous.

6.

The jewelry described above constituted a bribe given to, and accepted as such, by Anderson and resulted in Sharp County, Arkansas, having to pay more than the fair market price for goods and services and so was detrimental to Sharp County, Arkansas.

7.

Because Anderson accepted the jewelry described above he was charged with Public Servant Bribery in case number CR-79-1 filed in the Circuit Court for Sharp County, Arkansas.

8.

The jewelry described above was impounded as evidence in case number CR-79-1, Circuit Court for Sharp County, Arkansas.

9.

In case number CR-79-1 an Order of Nolle Proseque was entered August 21, 1985. Part of that Order provided that the evidence impounded should remain in the joint custody of Sharp County Judge, Frank Arnold, and Deputy Prosecuting Attorney, Stewart Lambert, until determination of a replevin action which Sharp County, Arkansas, was ordered to file, but if said action was not filed within ten days from August 21, 1985, the jewelry described above was to be returned to Anderson.

10.

This cause, CIV-85-111, Circuit Court, Sharp County, Arkansas is the replevin action filed in compliance with the Court's Order in case CR-70-1, Circuit Court,

Sharp County, Arkansas.

The trial court accepted the stipulated facts as evidence and ordered possession of the property be delivered to the lawful custodian of Sharp County. It found that (1) "it is the intent of said statute [Ark. Code Ann. § 14-14-1102(b)(7) (1987), formerly Ark. Stat. Ann. § 17-3901(B)(7) (Repl. 1980)] to require that any property received by a County Judge, while serving as County Judge, is accepted and can only be accepted in behalf of the County" and that (2) "the County Judge obtaining such illegal gifts or bribes should not be allowed to retain such property as his own property." We agree with the trial court that a county judge should not be able to retain illegal gifts or bribes as his own property, however, the court was incorrect in finding under Ark. Code Ann. § 14-14-1102(b)(7) that the jewelry accepted as a bribe belonged to the county.

Section 14-14-1102(b)(7) provides in pertinent part:

ACCEPTING GIFTS, GRANTS, AND DONATIONS FROM FEDERAL, PUBLIC, OR PRIVATE SOURCES. (A) The county judge, as the chief executive officer, is authorized to accept, in behalf of the county, gifts, grants, and donations of real or personal property for use of the county.

This statute does not apply to bribes received by a county judge. The property in question was not a gift, grant, or donation, but rather was contraband. Ark. Code Ann. § 5-5-101 (1987), formerly Ark. Stat. Ann. § 41-1401 (Repl. 1977), defines contraband to include "[a]ny article possessed under circumstances prohibited by law." The jewelry found in Anderson's possession clearly meets this definition.

Although the circuit court directed Sharp County to obtain the property by an action in replevin, we cannot approve this procedure as Sharp County was not the owner entitled to possession of the property. *Williams* v. *Harrell*, 226 Ark. 115, 288 S.W.2d 321 (1956). A replevin action can be maintained only by one who has a general or special property interest in a thing taken or detained at the commencement of the action. 66 Am. Jur. 2d *Replevin* § 16 (1973). "Such right of possession or ownership must be one by a title recognized at law, as distin-

guished from one recognized only in courts of equity." *Id.*

■ The trial court was correct that Anderson should not be able to retain illegal gifts or bribes. In *Womack* v. *Maner*, 227 Ark. 786, 301 S.W.2d 438 (1957), we noted that there is no statute authorizing the recovery of money alleged to have been paid as a bribe and aptly stated that "[i]t is firmly established that in a situation such as is set out in the complaint the law will not aid either party to the illegal or void contract." Likewise, we will not aid a party who attempts to recover property obtained as a result of a bribe.

We dismiss this suit because Sharp County is not entitled to replevin. We take no position on title to the property, noting that it is still in the joint custody of the Sharp County Judge and the Deputy Prosecuting Attorney by virtue of the trial court's previous order.

Reversed and dismissed.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I agree with the majority but wish to make it clear that, as the majority points out, the jewelry items involved here are contraband and, in my opinion, subject to the disposition procedures set forth in Ark. Code Ann. § 5-5-101 (1987). While eventually the county's general fund may well receive the proceeds from a sale of the jewelry, I agree, too, with the majority that this case must be reversed and dismissed. In other words, the trial judge's decision cannot be sustained as a correct one even though based on an erroneous reason. *See Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984); *Simmons First Nat'l Bank* v. *Wells*, 279 Ark. 204, 650 S.W.2d 236 (1983). In this case, the appellee proceeded under the wrong law as well as an erroneous legal theory. The correct procedure concerning the disposition of contraband under § 5-5-101 is entirely different from a holding, as the trial court did here, that the county should recover the jewelry for the use and benefit of the county's citizens.

For these reasons, and those given in the majority's opinion, I agree to reverse and dismiss.