Mark BONNELL *v.* Honorable Kim M. SMITH, Judge, Second Division Circuit Court of Washington County, Arkansas

95-147                                              908 S.W.2d 74

Supreme Court of Arkansas
Opinion delivered October 16, 1995

*Donald C. Donner*, for petitioner.

*Mima C. Kilgore*, for respondent.

TOM GLAZE, Justice. This case involves a petition for writ of prohibition. On March 21, 1994, petitioner Mark Bonnell's former wife, Brenda Bonnell, filed a complaint for replevin against Bonnell in municipal court for possession of a 1984 Toyota, valued at $3,900.00. Mrs. Bonnell claimed right of possession through title to the vehicle and through the couple's December 20, 1992 decree of divorce. On March 21, Mr. Bonnell was served with a summons and notice of petition for order of delivery, but he failed to object within five days pursuant to Ark. Code Ann. § 18-60-808(b) (1987). On April 5, the municipal court issued an order of delivery and the vehicle was seized.

Two days later, Mr. Bonnell filed a motion to dismiss his ex-wife's complaint. In his motion he challenged the municipal court's subject matter jurisdiction, requested vacation of the order of delivery, and requested Rule 11 sanctions. Mrs. Bonnell responded, claiming her ex-husband had waived his challenge by not responding within the required five day period.

The municipal court later found it did not have jurisdiction because the value of the vehicle in dispute exceeded the $3,000.00 original jurisdictional amount required by Ark. Code Ann. § 16-17-704(a)(4) (Repl. 1994). Upon Mrs. Bonnell's request, the municipal court ordered the case transferred to circuit court. Mr. Bonnell then refiled his motions to dismiss and for sanctions in circuit court. He claimed that the municipal court correctly determined it had no jurisdiction of Mrs. Bonnell's action and that the court in so holding should have dismissed rather than have transferred the case to circuit court. Mrs. Bonnell amended her complaint in circuit court to include an additional claim for $14,000.00 that she asserted was due her under the parties' divorce decree. Mr. Bonnell renewed his motions, and later argued to the circuit court that the chancery judge had already decided the $14,000.00 claim.

The circuit court conducted a hearing on October 27, 1994, and denied Mr. Bonnell's motions, ruling that it had subject matter jurisdiction over the replevin action. The circuit court recessed without deciding whether Mrs. Bonnell was precluded from pursuing her $14,000.00 claim. Bonnell subsequently petitioned this court for a writ of prohibition.

A writ of prohibition is an extraordinary writ, which is only granted when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994). When considering a petition for writ of prohibition, jurisdiction is tested on the pleadings, not the proof. *Nucor-Yamato Steel Co. v. Circuit Court*, 317 Ark. 493, 878 S.W.2d 745 (1994). Prohibition is only proper when the jurisdiction of the trial court depends on a legal rather than a factual question. *Id.*

First, we point out that both municipal and circuit court may

have jurisdiction of a replevin action. Ark. Code Ann. § 18-60-804 (1987). Section 18-60-804 provides as follows:

> (a) In all cases . . . wherein a party claims a right of possession of property in the possession of another, the party may apply to the *circuit court or the municipal court* for issuance of an order of delivery of the property.
>
> * * *
>
> (c) The petition may be brought in the municipal court at the election of the party so filing, and the *municipal court shall have authority to give notice and hear the petition in the same manner as the circuit court.* (Emphasis added.)

■ Generally speaking, a replevin action can be maintained only by one who has a general or special property interest in a thing taken or detained at the commencement of the action. *Anderson* v. *Sharp County, Arkansas*, 295 Ark. 366, 749 S.W.2d 306 (1988) (citation omitted). And such right of possession or ownership must be by a title recognized in law. *Id.*

■ The only limitation on a municipal court's authority to act on a claim in replevin is found at Ark. Const. amend. 64 and Ark. Code Ann. § 16-17-704(a)(4), wherein the municipal court is given original jurisdiction, coextensive with the county where it is situated, and concurrent with the circuit court in matters of contract where the amount in controversy does not exceed $3,000.00, excluding interest. A circuit court, on the other hand, has jurisdiction over a claim in replevin for personal property valued above $3,000.00. *See* Ark. Const. art. 7 § 11; Ark. Code Ann. § 16-13-201 (Repl. 1994) and § 18-60-804. In the present case, Mrs. Bonnell's complaint alleged that she possessed title to a 1984 Toyota vehicle valued at $3,900.00 which she obtained under the Bonnells' divorce decree and which was being unlawfully detained by Mr. Bonnell. Clearly, Mrs. Bonnell's replevin action was properly within the jurisdiction of the Washington County Circuit Court, and, as a consequence, a writ of prohibition does not lie in these circumstances.

Mr. Bonnell argues further, however, that the municipal court had no authority to transfer Mrs. Bonnell's replevin action to circuit court in the first place, and instead the municipal court was obliged to dismiss, not transfer Mrs. Bonnell's case. We disagree.

Both Arkansas statutory law and our Rules of Civil Procedure provide authority permitting the municipal court to transfer Mrs. Bonnell's action as it did here. Ark. Code Ann. § 16-17-702 (1987) provides that all civil cases filed in municipal court (not subject to the Small Claims Procedure Act) shall be subject to the Inferior Court Rules, the Rules of Civil Procedure, and the Uniform Rules of Evidence. Section 16-17-702 reflects the General Assembly's efforts to implement Amendment 64 to the Arkansas Constitution which enlarged the jurisdiction of municipal courts.[1] This same statutory principle is embodied in Inferior Ct. R. 10, as well. Inferior Ct. R. 10 states that, unless otherwise allowed, "the Arkansas Rules of Civil Procedure and the rules of evidence shall apply to and govern matters of procedure and evidence in the inferior courts." And finally, this court's Ark. R. Civ. P. 12(h)(3) provides the following:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action *or direct that the case be transferred to the proper court.* (Emphasis added.)

As is clearly provided by Arkansas's statutory law and court rules, the municipal court had authority to transfer this cause to the Washington County Circuit Court after concluding Mrs. Bonnell's replevin action exceeded the jurisdictional amount. Mr. Bonnell defended Mrs. Bonnell's initial action by asking that it be dismissed, but acting under Rule 12(h)(3), the municipal court appropriately transferred the action instead. Mr. Bonnell does not challenge the constitutionality of these court rules or statute, and we are unaware of any such grounds that would limit the municipal court's discretion in transferring a replevin action to circuit court in circumstances such as those presented here.[2]

Again, Mrs. Bonnell in her complaint claimed right-

---

[1] We note that, although the dissenting opinion alludes to a number of old Arkansas cases in support of its vein that a municipal court cannot transfer a case to circuit court, it is unnecessary to discuss them since they predate Amendment 64 and the General Assembly's enactment of § 16-17-702.

[2] We reiterate that, under § 18-60-804(c), a municipal court must notify defendants and hear replevin actions in the same manner as circuit court, and actions commenced in municipal court depend upon the same standards applicable to actions in circuit and chancery courts. *See* Inferior Ct. R. 3 and its Reporter Notes.

ful possession of the vehicle through "title showing her as owner." While she also claimed possession through the couple's divorce decree, it is the claim by way of title that places jurisdiction properly in circuit rather than chancery court.[3] *See Johnson* v. *Swanson*, 209 Ark. 144, 189 S.W.2d 803 (1945). Had Mrs. Bonnell claimed right to possession from the divorce decree alone, jurisdiction to enforce the terms of the decree would have been properly in chancery court through exercise of its contempt powers. *See Nooner* v. *Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1983).

For the foregoing reasons, we deny the petition.

DUDLEY, NEWBERN and ROAF, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. The writ of prohibition should be issued because suit has never been commenced, and the circuit court is without jurisdiction over petitioner and is about to proceed against petitioner.

I.

Brenda Bonnell filed suit in municipal court and obtained service on her former husband, petitioner, who now seeks a writ of prohibition. She sought replevin of a car valued at $3,900.00, which is in excess of the municipal court jurisdictional amount. Petitioner filed a motion to dismiss because the municipal court lacked jurisdiction.

A municipal court is a court of limited and restricted jurisdiction. *Bynum* v. *Patty*, 207 Ark. 1084, 184 S.W.2d 254 (1944); *see* Ark. Code Ann. § 16-17-704 (Repl. 1994). Courts of limited and restricted jurisdiction have only such jurisdiction and powers as are expressly conferred by statute, or the constitution, or are necessarily incident thereto. *Hilburn* v. *First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976). Neither the constitution nor

---

[3]We further note the dissenting opinion's confusing reference on whether Mrs. Bonnell properly commenced her replevin action, and its mentioning hypothetical problems involving a statute of limitations. These issues were never raised below or argued on appeal, likely because Mrs. Bonnell's complaint was factually detailed and her cause for replevin was lawfully stated and properly served. Because municipal court actions are subject to Arkansas Rules of Civil Procedure, § 16-17-702, the dissenting opinion's prediction of municipal judges and parties abusing the court process cannot happen any more readily than in any circuit or chancery court subject to the same rules.

the applicable statutes give municipal court jurisdiction over a replevin claim in the amount of $3,900.00. Ark. Const. art. 7, § 40; Ark. Const. amendment 64 § 1; Ark. Code Ann. § 16-17-704. Jurisdiction is never presumed in a court of limited jurisdiction. *Morris* v. *Dooley*, 59 Ark. 483, 28 S.W. 30 (1894). It has long been established that, when a replevin action is filed in a court of limited and restricted jurisdiction, the value must be shown in order for the court of limited jurisdiction to "acquire jurisdiction," otherwise the act of the judge is a "nullity." *McClure* v. *Hill*, 36 Ark. 268, 272 (1880). The municipal court was without subject-matter jurisdiction in this replevin action.

The municipal court recognized it was without jurisdiction and transferred the case to circuit court even though it had no subject-matter jurisdiction over the replevin action. That act was of no effect. A municipal court has neither statutory nor constitutional authority to transfer a case to circuit court when a case is erroneously filed in that court. We have long had statutes that authorize the transfer of cases between courts of general jurisdiction, but we have never had a statute that authorizes a transfer such as the one now before us. Ark. Code Ann. § 16-13-401 (Repl. 1994); Ark. Code Ann. §§ 16-57-104 to -109 (1987 & Supp. 1993). In *McLain* v. *Brewington*, 138 Ark. 157, 211 S.W. 174 (1919) we wrote:

> The statute authorizing transfers of causes from the circuit to the chancery court, or *vice versa*, applies only to those actions which originate in one or the other of those courts (Kirby's Digest, §§ 5991, 5994, 5995), and does not confer authority for the transfer of a cause appealed to the circuit court from one of the inferior courts. *Jackson* v. *Gorman*, 70 Ark. 88; *McCracken* v. *McBee*, 96 Ark. 251; *Brownfield* v. *Dudley E. Jones Co.*, 98 Ark. 495.

> There was no objection to the transfer of the cause, but consent can not confer jurisdiction of the subject-matter of the proceedings where such jurisdiction count not, under any circumstances, otherwise exist. *Price* v. *Madison County Bank*, 90 Ark. 195.

*Id.* at 161, 211 S.W. at 175; see also *State* v. *J.B.*, 309 Ark. 70, 827 S.W.2d 144 (1992). Because the municipal court could not transfer the case to circuit court, and because no service was had

in circuit court, a case was never commenced in circuit court. *See* ARCP Rule 3.

When circuit court has subject-matter jurisdiction, as here, and the question of personal jurisdiction turns on some fact to be determined by the court, a decision that the trial court has personal jurisdiction, even if wrong, does not warrant the issuance of a writ of prohibition. However, when there is a complete want of service of process and the circuit court is about to proceed, the writ can be issued. *Gillioz* v. *Kincannon* , 213 Ark. 1010, 214 S.W.2d 212 (1948); *Order Ry. Conductors of America* v. *Bandy*, 177 Ark. 694, 8 S.W.2d 448 (1928) *overruled on other grounds; Anheuser-Busch, Inc.* v. *Manion*, 193 Ark. 405, 100 S.W.2d 672 (1937); *see also Fausett* v. *Host*, 315 Ark. 527, 868 S.W.2d 472 (1994). Here, there has been no valid service of process on the petitioner, he has not entered his appearance, the suit was never commenced in the circuit court, and, therefore, the writ should issue.

## II.

The majority opinion states that Ark. Code Ann. § 16-17-702 (1987), in conjunction with Inferior Ct. R. 10 and ARCP Rule 12(h)(3), give the municipal court authority to transfer this case. The reasoning is demonstrably flawed.

Section 17-17-702 of the Arkansas Code Annotated is a general statute which states that municipal courts, except in small claims cases, are subject to the Inferior Court Rules and the Rules of Civil Procedure. It contains no specific reference to transfer of cases.

Rule 10 of the Inferior Court Rules provides that, where applicable and unless otherwise specifically modified, the Rules of Civil Procedure shall apply to the inferior courts. It contains no specific reference to transfer of cases.

Rule 12(h)(3) of the Arkansas Rules of Civil Procedure provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action *or direct that the case be transferred to the proper court.*" *Id.* (emphasis added).

The majority opinion's holding that the municipal court has

authority to transfer a case that is erroneously filed in municipal court is based on the above underlined provision. A review of our earlier statute, the Rules of Civil Procedure, and the Inferior Court Rules shows the flaw in that reasoning.

The authority for municipal courts to transfer cases to circuit court was first granted in Act 488 of 1963, which was codified as Ark. Stat. Ann. § 27-2007 (Supp. 1965). It provided that the municipal court could transfer a case to circuit court upon the request of a defendant *when the defendant "shall file a cross-complaint or counterclaim seeking recovery of an amount which exceeds the jurisdiction of the court."* The act was entitled: AN ACT to Provide for the Transfer of Civil Cases from Courts of Limited Jurisdiction to the Circuit Court of the County Wherein the Case Originates, *When a Cross-Complaint or Counter-Claim Filed by the Defendant or Defendants Exceeds the Jurisdiction of the Lower Court."*

The basic rule of statutory construction is to give words their usual and ordinary meaning, *Arkansas Vinegar Co.* v. *Ashby*, 294 Ark. 412, 743 S.W.2d 798 (1988), and, if there is no ambiguity, the statute is given effect just as it reads. *Chandler* v. *Perry-Casa Public School Dist. No. 2*, 286 Ark. 170, 690 S.W.2d 349 (1985). In addition, this court has often held that an act that undertakes to govern a subject through an affirmative description of granted implies denial of any non-described powers. *See, e.g. Chem-Ash, Inc.* v. *Ark. Power and Light Co.*, 296 Ark. 83, 751 S.W.2d 353 (1988); *Cook* v. *Arkansas-Missouri Power Corp.*, 209 Ark. 750, 192 S.W.2d 210 (1946). Thus, the statute authorizing transfer from municipal court authorized transfer only upon the filing of a counter-complaint or cross-complaint that exceeded the municipal court's jurisdiction. There was no authority to transfer a case that was erroneously filed in municipal court.

The cited statute was superseded by the Inferior Court Rules. *See* Per Curiam entered by this court on December 18, 1978. (A copy can be found in the Reporter's notes to Rule 1 of the Rules of Civil Procedure). The statute, Ark. Stat. Ann. 27-2009, was superseded by Inferior Ct. R. 7. The compiler's notes to Ark. Stat. Ann. § 27-2009 (Repl. 1979) provide:

In accordance with the per curiam order of the Supreme

> Court of Arkansas, entered on December 18, 1978, this section (Acts 1963, No. 488, § 1, p. 1558), concerning transfer to the circuit court *when a cross-complaint or counterclaim exceeds the lower court's jurisdiction,* is deemed superseded by the enactment of the Arkansas Rules of Civil Procedure, Rules of Appellate Procedure, and Rules for Inferior Courts. *See Rule 7, ARIC.*

*Id.* (emphasis added).

The annotator was correct: Rule 7 of the Inferior Court Rules is the only rule that directly addresses the issue. When we adopted the Rules of Civil Procedure and the Inferior Court Rules, we continued in effect the earlier statutory law providing for transfer by courts of limited jurisdiction. We made no changes. Rule 7 of the Inferior Court Rules authorizes transfer in those cases in which a counterclaim, set-off, cross-complaint, or third party complaint is filed and raises the amount, or invokes an equitable defense, outside the municipal court's jurisdiction. Rule 7 is as follows:

### JURISDICTION — EFFECT OF COUNTERCLAIM, CROSS-COMPLAINT OR THIRD PARTY COMPLAINT

(a) *Compulsory Counterclaim.* Where a counterclaim which is compulsory under Rule 13(a) of the Arkansas Rules of Civil Procedure or a set-off involves an amount which would cause the court to lose jurisdiction of the cause, the court upon its own motion or upon motion of either party, shall transfer the entire cause to circuit court for determination therein as if the cause had been appealed.

(b) *Permissive Counterclaim, Cross-Complaints and Third Party Complaints.* Where a permissive counterclaim or a cross-complaint or third party complaint involves an amount which would otherwise cause the court to lose jurisdiction of the cause, the court shall disregard such counterclaim, cross-complaint or third party complaint and proceed to determine the claim of the plaintiff.

*Id.* (emphasis added); *See also* reporter's notes to Inferior Ct. R. 7.

Our rules continued in effect our earlier statutory law. The majority opinion makes a fundamental error when it assumes that the last phrase in ARCP Rule 12(h)(3), which provides for transfer, changed the earlier law. The majority opinion does not recognize that ARCP Rule 12 is titled *"Defenses and Objections —* When and How Presented — By Pleading or Motion—Motion for Judgment on the Pleadings," and subsection (h) is titled "Waiver or Preservation of Certain *Defenses."* (Emphasis added.) Rule 12 of the Arkansas Rules of Civil Procedure is related to Defenses and Objections, and the language emphasized in the majority opinion, just as in the prior statutory law, refers only to the transfer in those cases in which a cross-complaint, counterclaim, or set-off is *filed by a defendant,* and exceeds the jurisdiction of the municipal court. Rule 12 of the Arkansas Rules of Civil Procedure is wholly compatible with Inferior Ct. R. 7, and ARCP Rule 12 does *not* apply to the erroneous filing of a complaint in municipal court by a plaintiff as provided in the majority opinion.

The majority opinion fails to recognize the distinction between allowing a plaintiff who erroneously files a case in municipal court to seek transfer and allowing a defendant who files a compulsory counterclaim that exceeds the municipal court's jurisdiction to do so. Under the majority opinion, a plaintiff can now file a cause of action in municipal court that is in excess of the municipal court's jurisdiction, and the municipal court can subsequently transfer the case to a court of general jurisdiction. This will allow the tolling of the statute of limitations even though the court never had subject-matter jurisdiction. The prior statutory law did not allow such a tolling, because the transfer could take place only upon filing a defense that exceeded the jurisdiction of the lower court. The Rules of Civil Procedure and the Inferior Court Rules did not change the prior law, and the majority opinion is in error in holding that they do make such a change.

## III

The majority opinion is also in error for policy reasons.

### A.

Under ARCP Rule 3 a civil action currently is commenced by filing a complaint with the clerk of *the proper court.* A com-

plaint filed in a court of general jurisdiction must state, in ordinary and concise language, the reason a party is entitled to relief. ARCP Rules 8 and 12; *Harvey* v. *Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981). Unlike the practice in the general jurisdiction courts, a plaintiff in municipal court need only complete a fill-in-the-blank "claim form." Inferior Ct. R. 4. Under the precedent of the majority opinion, a claim form, whether as complete as the complaint at bar or containing only fill-in's, can be filed in municipal court and then can be transferred to circuit court later as the complaint. The result will be that in circuit court, if a fill-in form has been used, there will be no factual statement, in ordinary and concise language, of the cause of action, as is now required by the Rules of Civil Procedure. The plaintiff will no longer be required to commence an action "by filing a complaint with the clerk of the proper court." There could be a question about a ARCP Rule 12(b)(6) motion.

## B.

The majority opinion could lead to an abuse of court powers by some parties. Suppose that a large group of creditors, such as a group of medical providers, chooses to file all of its collection suits, regardless of the amount, in a municipal court. The complaints could be filed in mass by filling in the blanks on claim forms. The court costs would be lower, and a non-lawyer can file the suit. *See Peel* v. *Kelly*, 268 Ark. 90, 594 S.W.2d 11 (1980). The filing of the suit, regardless of the amount of the debt, would toll the statute of limitations. If one of the debtors were to question the procedure, the creditor, represented by a non-lawyer, could simply ask for the suit to be transferred to the circuit court, pay additional court costs, and have a circuit court suit that had been pending since it was filed in municipal court. The result would be that a debtor could be held liable for a debt long past the time that a cause of action should have been filed in the proper court.

## IV.

The municipal court was without subject-matter jurisdiction over this replevin action because the item to be replevied was worth more than $3,000. The only service of process was in municipal court. Subject-matter jurisdiction of this replevin action was at all times in circuit court, a court of general jurisdiction,

and an action was never commenced in that court. The municipal court had no authority by constitution, statute, or rule to take action on the claim; yet, it transferred the case to circuit court. The circuit court has no personal jurisdiction over the defendant, and the writ of prohibition should issue.

For the foregoing reasons, I respectfully dissent.

NEWBERN and ROAF, JJ., join.