YELL COUNTY TELEPHONE COMPANY *v.*
Honorable Van B. TAYLOR, Chancellor,
Fifteenth Judicial District

98-1041                                    984 S.W.2d 416

Supreme Court of Arkansas
Opinion delivered January 21, 1999

*Tatum, Rife & Tatum Law Firm*, by: *John Rife*, for appellant.

*Barham Law Office, P.A.*, by: *R. Kevin Barham*, for appellee.

DONALD L. CORBIN, Justice. Petitioner Yell County Telephone Company, a closely held corporation, seeks a writ of prohibition against Respondent Honorable Van B. Taylor, Chancellor for the Fifteenth Judicial District. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We deny the writ.

On September 15, 1994, plaintiffs Joe Sivley Sr., Joe Sivley Jr., John W. Furey, Amelia S. Furey, and Fonda K. Smith filed a declaratory-judgment action in the Yell County Chancery Court against Petitioner and Todd Sanders, officer and director of the corporation. Plaintiffs, who are individual shareholders of the corporation, sought equitable relief and damages based on a reverse stock split. On January 19, 1996, plaintiffs moved for a voluntary nonsuit, stating that Joe Sivley Jr., who had previously transferred all of his shares to Joe Sivley Sr., should be dismissed from the action. On February 6, 1996, Respondent granted plaintiffs' motion, finding "[t]hat the Motion for Voluntary Non-Suit should be and hereby is granted." The court clerk then erro-

neously placed the entire case with the court's closed files. Since mid-1996, the clerk has refused plaintiffs' repeated requests to obtain a trial date. Plaintiffs were not notified that the entire file had been closed until 1997.

On April 30, 1998, over two years later, plaintiffs filed a motion to require the clerk to place their pending case with Respondent's open files. Respondent conducted a hearing on the matter and reviewed plaintiffs' motion to dismiss Joe Sivley Jr., and its subsequent order granting dismissal. On August 4, 1998, Respondent granted plaintiffs' motion, finding:

> 1. That the Clerk of this Court erroneously closed this file pursuant to an Order of Voluntary Non-Suit pertaining specifically to Plaintiff, Joe Sivley, Jr., and that this matter should be and hereby is still pending for Plaintiff's [sic] Joe Sivley, Sr., John W. Furey, Amelia S. Furey and Fonda K. Smith and that the Clerk of the Court shall re-open the Court file.

In *Young v. Smith*, 331 Ark. 525, 528, 964 S.W.2d 784, 785 (1998), this court explained that jurisdiction is the sole issue in granting or denying a writ of prohibition:

> [T]he purpose of the writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Tatro v. Langston*, 328 Ark. 548, 944 S.W.2d 118 (1997). It is well settled that a writ of prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 222, 931 S.W.2d 426, 429 (1996). We have stated that a writ of prohibition is never issued to prohibit an inferior court from *erroneously* exercising its jurisdiction. *Dougan v. Gray*, 318 Ark. 6, 17, 884 S.W.2d 239, 242 (1994).

Jurisdiction is tested on the pleadings rather than the proof. *Bonnell v. Smith*, 322 Ark. 141, 908 S.W.2d 74 (1995). Prohibition is proper where the jurisdiction of the trial court depends on a question of law, rather than a question of fact. *Id.* Petitioner bears the burden of showing that it is entitled to proceed by prohibition

instead of appeal. *Village Creek Imp. Dist. of Lawrence County v. Story*, 287 Ark. 200, 697 S.W.2d 886 (1985).

We first observe that Petitioner, in its attempt to argue that Respondent's actions were untimely under ARCP Rule 60(b), has mischaracterized plaintiffs' motion as a motion to reinstate the case. *See Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997) (holding that a trial court loses jurisdiction to set aside or modify an order pursuant to Rule 60(b), if it fails to take such action more than ninety days after entering the order). Petitioner thereby suggests that Respondent lacks jurisdiction to hear this action, because it "reinstated" the case after the expiration of ninety days.

■ ■ Rule 60(b), however, does not apply to the facts of this case for two reasons. First, plaintiffs did not move to modify or vacate Respondent's order. Second, the relevant pleadings, which include plaintiffs' motion for voluntary dismissal as to Joe Sivley Jr. and Respondent's order granting such motion, clearly demonstrate that the action in its entirety was not dismissed. Moreover, under ARCP Rule 41(a), the right to a voluntary nonsuit rests solely with plaintiffs. *See Walton v. Rucker*, 193 Ark. 40, 97 S.W.2d 442 (1936). Respondent was thus limited to the relief requested by plaintiffs, who clearly and unequivocally asked Respondent to dismiss only Joe Sivley Jr.'s claim; hence, the February 6, 1996 order must be construed with plaintiffs' January 19, 1996 motion. Accordingly, we hold that Respondent correctly granted plaintiffs' motion, as the clerk erred in a ministerial duty, and that Respondent has jurisdiction to hear this action involving equitable relief. *Young*, 331 Ark. 525, 964 S.W.2d 784. The writ for prohibition is denied.