Raymond Edward THOMAS *v.* STATE of Arkansas

CA CR 81-25                               620 S.W. 2d 300

Court of Appeals of Arkansas
Opinion delivered August 26, 1981

*James E. Davis*, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Raymond E. Thomas, was charged by information with the crimes of burglary and theft of property of the value in excess of $100. On the date set for trial, but before the jury was empaneled, the prosecuting attorney amended the information to include an additional count charging the appellant with having been convicted of felonies on two prior occasions and seeking enhanced sentences under Ark. Stat. Ann. § 41-1001 (Repl. 1977). The appellant was found guilty of the two initial charges and thereafter additional testimony was

taken on the "habitual offender" count. The jury returned a verdict which imposed enhanced sentences of ten years on the theft charge and fifteen years on the burglary. The appellant does not question the jury's verdict of guilt on the initial charges of burglary and theft. This appeal challenges only the sentences imposed, and advances four points of error in support of his position.

The appellant first contends that the trial court erred in permitting the information to be amended on the date of trial to include the "habitual offender" charge. He urges that this denied him that notice and opportunity to prepare and defend required by due process. We find no merit to this contention.

The record reflects that before the jury was empaneled the court held an in-chambers hearing at the request of the appellant's attorney. The purpose of the hearing was to ascertain in the record that the appellant fully understood the possible consequences of his refusal to accept a plea bargain recommended by his counsel. In the course of that hearing counsel explained to appellant the sentences which a jury might impose on the basic charges and the possible effect of a jury's finding of guilty on the amended charge of prior felony convictions. The appellant acknowledged that he fully understood the consequences and was steadfast in his refusal to enter the plea recommended by counsel. Neither appellant nor his counsel at that time made any objection to the amendment, requested a continuance or bill of particulars, or offered to make a showing of any prejudice resulting from that amendment. The first objection to the amendment was made after the jury had retired to consider its verdict on the basic charge; again no motion for continuance was made. Under the circumstances here present we find no error in permitting the amendment or in submitting the question to the jury.

Proper amendments of information are permitted at any time before a case is submitted to the jury so long as the amendment does not change the nature and degree of the crime charged and the accused is not surprised. *Washington*

v. *State*, 248 Ark. 318, 451 S.W. 2d 449; *Finch* v. *State*, 262 Ark. 313, 556 S.W. 2d 434.

An amendment adding a charge under the Habitual Offender Act creates no new offense or independent crime, but simply allows evidence on which the punishment may be enhanced in the event of conviction of the basic charge, *Finch* v. *State*, supra. Although such amendments are permitted, the appellant would have been entitled to a continuance or a bill of particulars if he had requested it. As no motion for continuance or bill of particulars was made and there was no showing, or offer to show, at any stage of the proceedings that prejudice would or did result from the amendment, we cannot say that the trial court erred in permitting this amendment and submitting the matter to the jury. *Finch* v. *State*, supra; *Washington* v. *State*, supra.

The appellant next maintains that the trial court erred in admitting into evidence certified copies of orders committing the appellant to the Department of Correction upon pleas of guilty to the crime of robbery on two prior occasions. The appellant objected on grounds that there was no proper foundation and the documents did not show that the appellant had been represented by counsel or knowingly waived that right. Over appellant's objection the docket sheets in the two cases were admitted for the limited purpose of showing that representation. We find no error.

In *Burgett* v. *Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), the Supreme Court of the United States declared that where enhanced sentence is sought to be imposed, records of prior convictions which are silent as to representation of counsel give rise to a presumption that the defendant was denied that right. Our courts, recognizing that mandate in *Klimas* v. *State*, 259 Ark. 301, 534 S.W. 2d 202 (1976), declared:

> It seems clear to us that when evidence, in whatever form, of a prior conviction is offered which is silent as to representation of the defendant by counsel or his waiver of the right of assistance of counsel, the state must first lay a foundation for its admission by

evidence tending to show that defendant was, in fact, represented by counsel or that he had knowingly and intelligently waived his right to the assistance of counsel.

The clear purpose of the rule is to require that when a prior conviction is to be used for the purpose of enhancing punishment, the court must be convinced that the accused was not denied his constitutional right at the time of the earlier conviction.

The docket entries in question are as follows:

(Cause 10,567 — Robbery)
4-28-71 Plea of guilty as to Thomas
X Royce Weisenberger excused X
Plea taken under advisement X
Charles Potter appointed X
Same order as in 10,564 concurrent.

(Cause 10,564 — Robbery)
4-28-71 Plea of guilty as to Thomas
X Same order as in 10,567 X
Sentence of 15 years.

The captions on these sheets showed initial representation by Mr. Weisenberger, whose name was interlined and that of Mr. Potter substituted.

While these docket entries do not purport to recite all of the proceedings had at the time, they do demonstrate that the appellant was represented by Mr. Weisenberger when the plea of guilty was entered and that Mr. Potter was appointed to represent him before the plea was accepted and sentence imposed. Unlike *Klimas* and *Burgett* this record is not silent concerning legal representation. The testimony of the clerk and the docket entries certainly do not constitute that silence from which the presumption arises. *Reeves* v. *Mabry*, 480 Fed. Supp. 529 (W. D. Ark. 1979).

Ark. Stat. Ann. § 41-1103 (Repl. 1977) provides that a prior conviction for these purposes may be proved by "any

evidence that satisfies the trier of fact beyond a reasonable doubt that the defendant was in fact previously convicted." The question on appeal is whether there is substantial evidence from which a jury might have found those previous convictions. *Elmore* v. *State*, 268 Ark. 225, 595 S.W. 2d 218. Here the proof of prior convictions consisted of copies of orders of commitment from a court of competent juris- diction, duly certified under seal. They were clearly admis- sible under Rule 902 (1), Uniform Rules of Evidence, and competent to prove prior convictions, provided the proper foundation for their introduction had been made. The foundation for their admission required in *Burgett* and *Klimas* was properly established by the docket entries of the court in those two cases. The docket entries so admitted into evidence were properly identified by the clerk of the court whose duty it was to keep and record such records. Under Rule 803(8), Uniform Rules of Evidence, such records of public officers are not hearsay. The trial court determined that the testimony of his clerk, based on docket entries made at the time, was proper for the jury's consideration. We find no sound basis for holding the court's determination in this regard to be erroneous. *Reeves* v. *State*, 263 Ark. 227, 564 S.W. 2d 503 (1978).

The appellant finally assigns as error the court's exclusion of the prosecuting witness's proffered testimony that he did not desire the appellant to be imprisoned for his crime. In his proffer of proof the witness stated that although he did not know the appellant, his wife had formerly been married to appellant's brother by whom she had the two children now living in the witness's household. He was concerned over the effect that imprisonment of their uncle might have upon these members of his household. The appellant contends that the evidence should have been admitted in mitigation of the sentence.

We agree with the trial court that the desires of the victim in this respect are not relevant to either the issue of guilt or of mitigating circumstances for the criminal act. In this case the guilt of the appellant was overwhelmingly proved by the evidence and freely and voluntarily admitted by him in a pre-trial statement. Criminal acts are punishable

by law, not for the benefit or satisfaction of the victim, but for the protection of society as a whole. The enhanced sentence provided by our law for multiple offenders is afforded for the protection of that society against one whose prior punishment does not appear to have deterred his criminal acts. *Conley* v. *State*, 272 Ark. 33, 612 S.W. 2d 722 (1981).

We affirm.

MAYFIELD, C.J., GLAZE and CORBIN, JJ., dissent.

MELVIN MAYFIELD, Chief Judge, dissenting. I do not believe the evidence was sufficient to show that appellant was represented by counsel at the time of his prior convictions.

I would remand this case to the trial court with directions to eliminate the enhanced sentence given for those prior convictions unless the state should prove within thirty (30) days that appellant was represented by counsel at the time they occurred.

DONALD L. CORBIN, Judge, dissenting. I must respectfully dissent. The United States District Court for the Eastern District of Arkansas in *Ellingburg* v. *Lockhart*, 397 F. Supp. 771 (E.D. Ark. 1975), made clear that a defendant had the right to notice prior to trial of the filing of a habitual offender charge. Failure to give the defendant adequate notice denied him his constitutional right to due process. In this cause the information was amended on the day of trial by the prosecutor's handwriting on the original information that the defendant had previously been convicted of two felonies. The handwritten amendment did not state when or where these felonies occurred or what the nature of these offenses were. The defendant was never arraigned on the amended information.

The *Ellingburg* decision makes clear that due process requires that an accused be informed of the charges against him and have an opportunity to enter a plea to the charges. Prejudice occurs because lack of notice not only affects the

ability to controvert enhancement allegations, but also might materially affect trial strategy. *Finch* v. *State*, 262 Ark. 313, 556 S.W. 2d 434 (1977) held that it would not reverse the action of a trial judge in denying a motion for a continuance following the State's amending its information after a trial had started to permit the imposition of more severe punishment, in the absence of a clear showing of abuse of discretion in the matter and in the absence of a showing of prejudice.

Appellant apparently made an objection to the amended information between the return of a verdict on the initial charges and the court instructing the jury on the enhancement. Fundamental due process requires more notice than one day to prepare for an enhancement charge.