Argil HENRY et al *v.* STATE of Arkansas

CR 83-81                                      655 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered July 5, 1983

*Robert S. Blatt, James E. Shoffey,* and *Douglas W. Parker,* for appellants.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The question: May state and local police officers, upon entering a motel room under the authority of a search warrant and finding the expected dice game to be in progress, lawfully seize as contraband all the money in the possession of the participants in the game? We disagree with the circuit court's decision that such a seizure is lawful.

On September 24, 1982, the police raided the game in question and took all the currency in the possession of the eleven men present, giving each man a receipt for his money. Some of the participants, including the man who had the dice in his hand, have not sought the return of their money. The six appellants were all found guilty of betting on a gaming device. Ark. Stat. Ann. § 41-3255 (Repl. 1977). They filed a motion for the return of their $3,639, of which a total of $3,229 was in the pockets of four of the men and the other $410 was being held in the hand by three of the men. The circuit court refused to order the return of the money, holding that it was contraband within the meaning of Ark. Stat. Ann. § 41-1401 (2) (a).

As far as this case is concerned, that statute defines contraband as "any article possessed under circumstances prohibited by law." It also provides that contraband capable of lawful use shall be sold at public auction; otherwise it shall be destroyed. Neither disposition seems to be appropriate when the asserted contraband is currency. More

important, however, the appellants were charged merely with betting on a gambling device, a misdemeanor punishable by a fine of from $50 to $100. § 41-3255, *supra*. No one questions the officers' right to seize the twenty-dollar bill that was on the dice table when the game was raided. That bill might perhaps be regarded as contraband. But the statute does not prohibit a person from having currency in his hand or pocket while waiting to make a future bet; so here the money was not, in the language of the statute, "possessed under circumstances prohibited by law."

Reversed, the money to be returned.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the well reasoned majority opinion although I cannot agree with the dicta which states a $20 bill may be regarded as contraband. Ark. Stat. Ann. § 41-1401 (Repl. 1977) does not state money is contraband. It does state that contraband shall be destroyed or sold. It is illegal to destroy currency and if it were sold it would be sold in exchange for the same thing. I simply do not want to imply that we will or might in the future declare cash money to be contraband. It may, however, be confiscated under certain circumstances, such as here. No one is contesting the right of the state to keep the $20 bill.