RYLWELL, L.L.C. and Pulaski Lands, L.L.C. *v.*
ARKANSAS DEVELOPMENT FINANCE AUTHORITY

07-334                                                         269 S.W.3d 797

Supreme Court of Arkansas
Opinion delivered December 13, 2007

*Stephen E. Whitwell*, for appellants.

*Wright, Lindsey & Jennings, LLP*, by: *John R. Tisdale, Troy A. Price*, and *Edward R. Armstrong*, for appellee.

A NNABELLE CLINTON IMBER, Justice. The instant appeal arises from a suit to quiet title and foreclose filed by Appellee Arkansas Development Finance Authority ("ADFA"), a state agency, against Allcon Enterprises, Inc. ("Allcon"), National Bank of Arkansas ("NBA"), and Appellants Rylwell, L.L.C. ("Ryl-

well") and Pulaski Lands, L.L.C. ("Pulaski Lands"). The Circuit Court of Pulaski County ruled in favor of ADFA, granting it a judgment against Allcon in the amount of $239,750.02, along with pre- and post-judgment interest and reasonable attorneys' fees, and declaring that any existing or potential adverse claims to the subject property, particularly those of NBA, Rylwell, and Pulaski Lands, were inferior to ADFA's mortgage lien. Rylwell and Pulaski Lands now appeal, alleging as their sole point of error that the circuit court erred in determining that Ark. Code Ann. § 22-5-402 (Repl. 2004) was applicable and in ruling that their interests in the subject property were inferior to ADFA's mortgage lien. As this appeal presents an issue of statutory interpretation, our jurisdiction is pursuant to Ark. R. Sup. Ct. 1-2(b)(6) (2007). We find no error and affirm.

The real property at issue in this appeal is located in Pulaski County and was owned in fee simple by Allcon until August of 2004. Allcon had executed a purchase-money mortgage on the property in favor of ADFA. The mortgage, which was recorded on June 4, 1998, secured the repayment of the original principal amount of $212,000 for the purchase of the property, pursuant to a promissory note. Allcon failed to pay the real estate taxes on the subject property for the years 1999, 2000, 2001, 2002, and 2003. As a result of the nonpayment of taxes, the subject property was certified to the Commissioner of State Lands by Pulaski County on March 23, 2002, pursuant to Ark. Code Ann. § 26-37-101 (Repl. 1997). The Commissioner, in accordance with Ark. Code Ann. § 26-37-301 (Repl. 1997 & Supp. 2007), provided notice to all owners and interested parties, including ADFA. The Commissioner then sold the property at a tax sale to Rylwell on August 18, 2004. Meanwhile, in February of 2003, Allcon also defaulted on payments pursuant to the promissory note.

After the tax sale, the Commissioner issued limited warranty deeds covering the property to Rylwell; these deeds were recorded on September 1, 2004. Rylwell subsequently encumbered the subject property by granting a mortgage in favor of NBA. Additionally, in January of 2005, Allcon executed a quitclaim deed granting any interest it had in the property to Pulaski Lands. The quitclaim deed was recorded on January 24, 2005. At the time of the commencement of this suit, Allcon remained in default under the terms of the promissory note held by ADFA, and ADFA had not released the mortgage.

On August 18, 2006, ADFA filed a complaint to quiet title and foreclose on the subject property. The complaint averred that

ADFA was entitled to and had chosen to accelerate the amount due under the promissory note. Furthermore, it asserted that any interest Rylwell might claim in the subject property pursuant to the limited warranty deeds was void as against ADFA's prior perfected interest, in accordance with Ark. Code Ann. § 22-5-402 (Repl. 2004). The complaint also stated that any claim NBA might attempt to assert in the property pursuant to the mortgage granted in its favor by Rylwell was void, as well as inferior to ADFA's prior perfected interest, and that any claim Pulaski Lands might attempt to assert pursuant to the quitclaim deed was subordinate to ADFA's prior perfected interest. Rylwell, Pulaski Lands, and NBA filed timely answers to the complaint; however, Allcon failed to file an answer or otherwise enter an appearance. Rylwell then filed a counterclaim to quiet title and foreclose, alleging that the tax sale was completed in conformity with all relevant laws and regulations and that the subject property remained unredeemed after it was forfeited to the State, despite the fact that proper notice had been given. The counterclaim acknowledged that ADFA might have had an interest in the subject property but asserted that ADFA's interest was extinguished by the tax sale and failure to redeem.

Following a hearing at which the parties indicated to the circuit judge that the only issue before the court was one of statutory interpretation, the parties submitted joint stipulations of facts, as well as simultaneous briefs. ADFA then filed a motion for summary judgment, contending that it was entitled to have the title to the subject property quieted in its favor, "[b]ecause tax deeds are void as against an interest of the state as a matter of law." The circuit court entered an order granting judgment in favor of ADFA and stating that "as a matter of law, the mortgage interest of ADFA in the Property was not extinguished by the tax sale of the Property on or about August 18, 2004, and that the tax titles of separate defendant Rylwell to the Property, evidenced by the limited Warranty Deeds from the Commissioner, are null and void in both law and equity as against the mortgage lien of ADFA." Rylwell and Pulaski Lands filed a timely notice of appeal.

The statute at issue in the instant appeal reads as follows, in its entirety:

> No tax title shall be valid or binding against the equitable or legal interest of this state in or to any real estate whatever. However, such tax titles shall be void so far as they shall conflict with the interest of the state and shall be treated and considered as null and void in both law and equity in all courts of the state.

Ark. Code Ann. § 22-5-402 (Repl. 2004). The circuit court ruled that the statute applied to these facts and that it made Rylwell's tax title null and void as against ADFA's interest in the property. We review issues of statutory interpretation de novo, as it is for this court to decide what a statute means. *Maddox v. City of Fort Smith*, 369 Ark. 143, 251 S.W.3d 281 (2007). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

Our rules of statutory interpretation are well settled. When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to the rules of statutory construction. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* When a statute is clear, however, it is given its plain meaning, and we will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id.* We are very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

Pursuant to these rules, we hold that the statute at issue here is plain and unambiguous and, therefore, must be construed in accordance with its plain meaning. When its words are given their ordinary and usually accepted meaning, the statute is open to only one construction. We can find no reason to believe that a drafting error or omission has circumvented the obvious legislative intent, and Rylwell and Pulaski Lands have not pointed us to one. The intent inherent in this statute is clear: to protect the State's property, and property in which the State has an interest, from conveyance by tax sale. Because we find the statute to be plain and unambiguous, we need not address the legislative-intent argument propounded by Rylwell and Pulaski Lands.

Rylwell and Pulaski Lands nonetheless argue that the plain-meaning version of Ark. Code Ann. § 22-5-402 is illogical. They point out that the Commissioner is in total control of State-owned property and that every piece of property that is

certified to the Commissioner due to the nonpayment of taxes becomes the property of the State. Thus, they argue, under the plain meaning of Ark. Code Ann. § 22-5-402, the Commissioner would never be permitted to transfer property via a tax title because such a transfer would always be in conflict with the State's interest. This argument is flawed in two ways. First, the statute giving control of State lands to the Commissioner contemplates caveats provided in other code provisions: "The landed interests of this state shall be controlled by the Commissioner of State Lands, and he or she shall dispose of them *as provided by law*." Ark. Code Ann. § 22-5-206 (Repl. 2004) (emphasis added). This statute clearly subjects the action of the Commissioner to the requirements of other laws, such as Ark. Code Ann. § 22-5-402. Second, Rylwell and Pulaski Lands are incorrect in their contention that the plain meaning of Ark. Code Ann. § 22-5-402 prohibits the Commissioner from issuing any tax titles whatsoever. The statute does not prevent the Commissioner from executing tax titles in favor of private individuals, as was done in the instant case, as long as any interest belonging to the State remains unaffected. The purchaser at the tax sale must take subject to any prior interests in the property claimed by the State. Thereby, the statute is not violated, because there is no conflict with the State's interest.

We also find unavailing the argument of Rylwell and Pulaski Lands that the statute cannot apply to tax titles conveyed by the Commissioner. We note that the statute contains no express or implied exception for titles conveyed by the Commissioner. The statute clearly refers to all tax titles. Furthermore, the Commissioner conveys all tax titles, pursuant to Ark. Code Ann. § 26-37-101: "All lands upon which the taxes have not been paid for one (1) year following the date the taxes were due, October 10, shall be forfeited to the State of Arkansas and transmitted by certification to the Commissioner of State Lands for collection or sale." Ark. Code Ann. § 26-37-101(a)(1). The statute further states that, "Upon receipt of certification, title to the tax-delinquent lands shall vest in the State of Arkansas in care of the Commissioner of State Lands." Ark. Code Ann. § 26-37-101(c). If Ark. Code Ann. § 22-5-402 does not apply to tax titles conveyed by the Commissioner, then it does not apply to any tax titles at all, rendering the statute meaningless. We construe statutes so that no word is left void, superfluous, or insignificant, and we give meaning to every word in the statute, if possible. *Weiss v. Maples*, 369 Ark. 282, 253

S.W.3d 907 (2007). To construe a statute that, by its plain meaning, refers to all tax titles as one that essentially applies to no tax titles would contravene our rules of statutory interpretation.

Rylwell and Pulaski Lands cite us to the concurring opinion in *Cracraft v. Meyer*, 76 Ark. 450, 88 S.W. 1027 (1905), for the proposition that Ark. Code Ann. § 22-5-402 has no application to titles conveyed by the Commissioner. *Cracraft* involved property acquired by deed from the Commissioner, and the appellant, in an attempt to nullify the deed, relied upon the predecessor to Ark. Code Ann. § 22-5-402. *Id.* The opinion stated that the statute was inapplicable, as it did not contain a reference to titles conveyed by the Commissioner. *Id.* Rylwell and Pulaski Lands construe this statement to mean that Ark. Code Ann. § 22-5-402 can never apply when a tax title is conveyed by the Commissioner; however, they have mischaracterized the meaning of the statement by truncating it. The opinion went on to say the following: "It [the statute] had no reference whatever to titles conveyed by the State Land Commissioner, or, if so, it is only the interest of the state in the land that can be affected by it. The state has parted with all her interest in this land. At least she is not here attempting to assert any interest." *Id.* at 460, 88 S.W. at 1030. *Cracraft* involved a suit between two private individuals who had each obtained deeds from the Commissioner to the same piece of property. *Id.* The State was not involved in any way and asserted no interest in the property. *Id.* Therefore, *Cracraft* does not, as Rylwell and Pulaski Lands suggest, stand for the proposition that Ark. Code Ann. § 22-5-402 does not apply to titles conveyed by the Commissioner. Rather, it stands for the proposition that the statute does not apply when the State is not asserting an interest in the property. Thus, *Cracraft* is distinguishable from the case at bar and has no applicability here.

Rylwell and Pulaski Lands further suggest that Ark. Code Ann. § 22-5-402 does not apply because the Commissioner gave proper notice of the pending tax sale to all owners and interested parties, including ADFA. However, ADFA is correct in noting that the applicability of the statute does not in any way depend on whether proper notice was given. There is no mention of notice or any other procedure in the plain language of the statute. Section 22-5-402 does not condition its applicability on whether notice was defective. Moreover, tax titles obtained through procedurally deficient tax sales are voidable regardless of whether Ark. Code Ann. § 22-5-402 applies. *See Mays v. St. Pat*

*Props., L.L.C.,* 357 Ark. 482, 182 S.W.3d 84 (2004). Section 22-5-402 would be meaningless if it applied only to procedurally deficient tax sales, because such sales are already voidable.

Finally, Rylwell and Pulaski Lands offer two bases for contending that, even assuming that Ark. Code Ann. § 22-5-402 applies to tax titles issued by the Commissioner, it does not apply to the facts of the instant case. First, they argue that the State does not have an interest in the property at issue, because ADFA is independent of the State, pursuant to Ark. Code Ann. § 15-5-201 (Repl. 2003). Section 15-5-201 refers to ADFA as "a public body politic and corporate, with corporate succession, to be an independent instrumentality exercising essential public functions[.]" Ark. Code Ann. § 15-5-201. We disagree with the assertion of Rylwell and Pulaski Lands that ADFA is not a state agency, and we emphasize that the parties stipulated to the fact that ADFA is a state agency.

Rylwell and Pulaski Lands also contend that the State has no interest in the property at issue because a suit to quiet title in State property can only be commenced by the Attorney General or an assistant attorney appointed by the Governor, pursuant to Ark. Code Ann. § 22-5-401 (Repl. 2004). We note that Ark. Code Ann. § 22-5-401 indicates it is the duty of the Attorney General or an assistant attorney appointed by the Governor to bring such a suit, but the statute does not prohibit other attorneys from doing so. Ark. Code Ann. § 22-5-401(a). The record in the instant case includes a letter from an assistant attorney general to ADFA's general counsel indicating that in-house counsel or approved outside counsel should pursue the case, because an action to quiet title could possibly include the Commissioner of State Lands as a party, thus causing a conflict-of-interest situation for the Office of the Attorney General. In any event, Ark. Code Ann. § 22-5-401 applies only in cases where the State's interest in the subject property does not appear in the records of the Commissioner of State Lands. Ark. Code Ann. § 22-5-401(a). There is no indication that such is the case here.

In accordance with Ark. Code Ann. § 22-5-402, the limited warranty deeds issued to Rylwell were void as against ADFA's mortgage lien on the property. Thus, the circuit court was correct in its ruling that the property interests of Rylwell and Pulaski Lands were inferior to that of the State.

Affirmed.