DAVID M. GLOVER, Judge
Juan Cruz appeals the Monroe County Circuit Court's order granting the State's petition for forfeiture of $ 65,850, arguing the circuit court erred in granting the petition prior to the expiration of his time to respond. We agree with Cruz's argument and, therefore, we reverse and remand.
*28 On April 8, 2015, at approximately 5:30 p.m., Arkansas State Police (ASP) initiated an investigation of the report of a gunshot fired at a tractor trailer on Interstate 40 by a Hispanic driver in a Suburban with Texas plates. Cruz was driving the Suburban when ASP made the stop; he told ASP there was no gun in the vehicle. However, a loaded gun was found in the vehicle together with a duffel bag containing $ 64,950; $ 900 in the center console; an odor of marijuana and a small amount of marijuana in a cup on the rear floorboard in front of the seats; and marijuana residue in several shoe boxes. Cruz stated the money belonged to him, but he was only a "small player" in the game.
On February 26, 2018, the State filed a notice of seizure and intent to forfeit as to the $ 65,850 seized on April 8, 2015. This notice was personally served on Cruz on March 2, 2018, at the Monroe County jail, where he was being held. At 1:10 p.m. on April 10, an order of forfeiture was entered forfeiting the $ 65,850 and depositing it in the Monroe County Drug Control Fund.
At 3:30 p.m. on April 10, approximately two hours after the order was entered, Cruz filed a motion to dismiss the forfeiture petition due to untimely filing. In its response to the motion to dismiss, the State argued there was good cause to delay the filing of the petition for forfeiture because the currency was potential evidence in a connected criminal case not disposed of until January 29, 2018; however, the State further acknowledged Cruz was not convicted of a drug crime and had no drug charges pending. On April 24, the State filed a motion to strike as untimely Cruz's motion to dismiss; Cruz argued his motion was timely. The circuit court did not rule on Cruz's motion to dismiss.
On May 2, Cruz filed a motion to set aside the order of forfeiture. He asserted that since the forfeiture petition was filed on February 26, 2018, and he was served in the Monroe County jail on March 2, he then had until May 1 to file his answer as he was incarcerated when he was served and therefore, the order of forfeiture should be set aside, and the circuit court should address his motion to dismiss. The circuit court did not rule on Cruz's motion to set aside, and he timely appealed the order of forfeiture.
Rule 12(a)(1) of the Arkansas Rules of Civil Procedure provides, in pertinent part:
A defendant shall file his or her answer within 30 days after the service of summons and complaint upon him or her. A defendant served under Rule 4(f) shall file an answer within 30 days from the date of first publication of the warning order. A defendant incarcerated in any jail, penitentiary, or other correctional facility in this state, however, shall file an answer within 60 days after service.
(Emphasis added.)
We construe court rules using the same principles and canons of construction used to interpret our statutes. Jones v. State , 2018 Ark. App. 211, 2018 WL 1514952. When reviewing issues of statutory interpretation, the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common language. Rylwell, L.L.C. v. Arkansas Dev. Fin. Auth. , 372 Ark. 32, 269 S.W.3d 797 (2007). When the language of a statute is plain and unambiguous, there is no need to resort to the rules of statutory construction. Id.
The State contends the intent behind Rule 12(a)(1)'s extended answer time is to give defendants who are not personally *29 served a fair opportunity to answer, and because Cruz was personally served, there was no justification for an extended period for answering under Rule 12(a)(1) and the general thirty-day period for filing an answer applied. We do not agree.
When a statute is clear, it is given its plain meaning, and our appellate courts will not search for legislative intent; instead, such intent must be gathered from the plain meaning of the language employed. Id. Our appellate courts are very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear a drafting error or omission had circumvented legislative intent. Id.
In the present case, Rule 12(a)(1) is clear and unambiguous that a defendant who is incarcerated has sixty days after service to answer. Therefore, we need not look to legislative intent. It matters not that Cruz was personally served; it only matters that he was incarcerated when he was served. To hold otherwise would inject a level of uncertainty into the rule when one begins to look at the circumstances under which an incarcerated defendant is served, rather than simply looking at the fact the defendant is incarcerated, as is clearly stated in Rule 12. We hold it was error for the circuit court to enter the forfeiture order prior to the expiration of Cruz's time to answer.
Reversed and remanded.
Gladwin and Vaught, JJ., agree.