Cite as 2019 Ark. App. 356

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-18-834

| | |
|---|---|
| GEORGE L. CLAY, III | OPINION DELIVERED: SEPTEMBER 4, 2019 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | [NO. 60CR-16-2538] |
| STATE OF ARKANSAS | HONORABLE LEON JOHNSON, JUDGE |
| APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

In this appeal of his June 28, 2018 conviction for driving while intoxicated (DWI), George L. Clay III argues that the circuit court abused its discretion by admitting hearsay evidence during his bench trial and that he was prejudiced as a result. We affirm.

I. *Procedural History*

Clay was charged with DWI and having been previously convicted of seven DWIs charged within ten years of the first offense. He was also charged with possession of a Schedule I or II controlled substance. At trial, the arresting police officer testified that Clay had been found passed out in the driver's seat of his car, which was in a ditch. He was revived by emergency personnel and taken to the hospital. Police found two and a half Tylenol oxycodone pills in Clay's wallet. Clay refused a blood test, but the officer said that he believed Clay was intoxicated because of his bloodshot eyes, his slurred speech, his erratic behavior, and the odor of intoxicants about his person.

At the conclusion of the State's testimonial evidence, the State offered certified copies of Clay's three prior misdemeanor-DWI convictions and four prior felony-DWI convictions. The misdemeanors were evidenced by certified docket sheets from the Sherwood District Court and the North Little Rock District Court, and the felonies were represented by sentencing orders filed in the Pulaski County Circuit Court. Clay objected to the certified copies of the docket sheets arguing that the documents did not fall under the exceptions to the rule excluding hearsay. Specifically, Clay argued that the documents should not be admitted under either Arkansas Rule of Evidence 803(8) (public-records exception) or Rule 803(22) (prior-judgments-of-conviction exception). The circuit court overruled the objection and admitted the docket sheets.

Clay was found guilty of violating Arkansas Code Annotated section 5-65-103(a)(1) (Repl. 2016), DWI sixth or subsequent offense, and section 5-64-419(b)(2)(A) (Repl. 2016), possession of a Schedule I or II controlled substance, and he was sentenced to six years' imprisonment on each count to be served concurrently in the Arkansas Department of Correction. He filed a timely notice of appeal, and this appeal followed.

II. *Standard of Review*

We review evidentiary rulings using an abuse-of-discretion standard, and trial courts are afforded wide discretion in evidentiary rulings. *Campbell v. State*, 2017 Ark. App. 59, at 4, 512 S.W.3d 663, 666. Our court will not reverse an evidentiary ruling absent a showing of error and resulting prejudice. *Id.*

> We construe court rules using the same principles and canons of construction used to interpret our statutes. *Jones v. State*, 2018 Ark. App. 211. When reviewing issues of statutory interpretation, the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving words their ordinary and usually

2

accepted meaning in common language. *Rylwell, L.L.C. v. Ark. Dev. Fin. Auth.*, 372 Ark. 32, 269 S.W.3d 797 (2007). When the language of a statute is plain and unambiguous, there is no need to resort to the rules of statutory construction. *Id.*

*Cruz v. State*, 2019 Ark. App. 91, at 3, 572 S.W.3d 27, 28. We review issues of statutory construction de novo, as it is for the appellate court to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 459, 995 S.W.2d 341, 345 (1999).

### III. *Arkansas Rule of Evidence 803(22)*

Hearsay is not admissible except as provided by law or by the Arkansas Rules of Evidence. Ark. R. Evid. 802. Rule 803 provides exceptions to the rule excluding hearsay, and Clay argues that prior misdemeanor convictions fall outside the hearsay exception set forth in Rule 803(22). Rule 803 (22) provides that proof of final judgments "adjudging a person guilty of a crime punishable by death or imprisonment in excess of one (1) year, to prove any fact essential to sustain the judgment" are admissible. Accordingly, Clay argues that the documents depicting his three misdemeanor convictions were inadmissible because a conviction for first-, second-, or third-offense DWI is punishable by *not more* than one year in prison, *see* Ark. Code Ann. § 5-65-111(a)−(c) (Supp. 2017), and the exception applies to imprisonment in *excess* of one year.

The State addresses only one aspect of Rule 803(22)—prior judgments of conviction are admissible to "prove any fact essential to sustain the judgment." The State contends that this rule has no application to the proof offered because the docket sheets were a mere recordation of the legal existence of a prior conviction, which is a public record under Rule 803(8).

Both arguments are convincing. Giving the words of Rule 803(22) their ordinary meaning, it is clear that prior judgments referred to in the rule do not apply to misdemeanor convictions because, as argued by Clay, the convictions at issue were not punishable by more than one year in prison. Accordingly, the circuit court abused its discretion by overruling Clay's objection to the evidence based on this rule. However, our analysis does not end here.

IV. *Arkansas Rule of Evidence 803(8)*

Rule 803(8) provides for the admission of public records:

> To the extent not otherwise provided in this paragraph, records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Clay argues that certified copies of the docket sheets reflecting his three misdemeanor convictions were not admissible pursuant to this rule because of the express exception for judgments of conviction set forth in Rule 803(22). "The phrase *expressio unius est exclusio alterius* is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another." *MacSteel Div. of Quanex v. Ark. Okla. Gas Corp.*, 363 Ark. 22, 31, 210 S.W.3d 878, 883 (2005). Relying on this guideline, Clay claims that because his misdemeanor convictions are not included in Rule 803(22)—as they are not subject to punishment by death or imprisonment in excess of one year—Rule 803(22) must exclude misdemeanor convictions.

Clay further contends that a judgment of conviction is a judicial finding of fact that the defendant was guilty of having committed some criminal offense and is hearsay if offered

to prove a fact essential to sustain the conviction. *See* Ark. R. Evid. 803(22). Clay argues that the misdemeanor convictions for DWI were offered to prove a fact essential to sustain "each judgment." He claims that the three misdemeanor convictions were "implied assertions by the district court judge in each case that Appellant Clay had previously driven a vehicle while intoxicated." Ultimately, he argues that had the drafters of Rule 803(8) intended to include documents setting forth judicially found facts in misdemeanor cases, such an exception would have been included in Rule 803(22).

The State argues that the circuit court did not abuse its discretion by admitting the docket sheets under Rule 803(8). The State points to the Omnibus DWI Act, which requires courts to keep records of any violation of the act. Ark. Code Ann. § 5-65-110(a)(1)−(2) (Repl. 2016) (courts shall keep a record of violation of DWI law and record of court action). The State relies on *Thomas v. State*, 2 Ark. App. 238, 243, 620 S.W.2d 300, 303 (1981), wherein this court held that docket-sheet entries are admissible under Rule 803(8), and that they are a proper foundation for the certified orders of commitment used to prove prior felony convictions. The State also cites *Reeves v. State*, 263 Ark. 227, 231, 564 S.W.2d 503, 505 (1978), wherein our supreme court allowed a court clerk's testimony regarding docket entries under Rule 803(8) when there was no suggestion that the docket entries did not correctly reflect the court's judgment in the earlier cases. In his reply brief, Clay contends that in both *Thomas* and *Reeves* there had been foundational testimony for the admissibility of the docket sheets as public records, and none was offered in the instant case. Further, neither case addresses the admissibility of documentary proof of prior misdemeanor convictions as public records pursuant to Rule 803(8).

5

When interpreting our rules of evidence, "we desire to maintain an interpretation of the Uniform Rules that is reasonably consistent with other states as well as with the Federal Rules of Evidence." *Proctor v. State*, 349 Ark. 648, 666, 79 S.W.3d 370, 381 (2002) (citing *Rhodes v. State*, 276 Ark. 203, 210, 634 S.W.2d 107, 111 (1982)). In *United States v. Nguyen*, 465 F.3d 1128, 1131–32 (9th Cir. 2000), the court did not allow evidence of prior convictions based on pleas of nolo contendere to provide the jury with a basis to infer that the defendant actually committed the underlying crimes.

In analyzing the lower court's admission of the convictions under Federal Rule of Evidence 803(8) and 803(22), the court addressed Clay's argument in the instant case—the more specific rule contained in 803(22) should exclude misdemeanor convictions from being admitted under 803(8):

> The judgments of conviction could not properly have been admitted under Rule 803(8), either. That rule exempts from the hearsay rule public records and reports. That more general reference in Rule 803(8) cannot trump the more specific limitation on the admission of judgments of conviction. All judgments of conviction may be said to be public records, but the exemption under Rule 803(8) cannot be deemed to cover such judgments because it would make Rule 803(22) superfluous. *See United States v. Weiland*, 420 F.3d 1062, 1074 (9th Cir. 2005) (noting that evidence cannot be admitted under a general evidentiary rule in order to circumvent a more specific rule prohibiting admission).

> Our circuit has previously affirmed the admission into evidence of misdemeanor judgments of conviction under this rule in certain circumstances. *See United States v. Loera*, 923 F.2d 725, 730 (9th Cir. 1991); *United States v. Wilson*, 690 F.2d 1267, 1275 n.2 (9th Cir. 1982). In these cases, however, the misdemeanor judgments of conviction were not admitted for the purpose of proving that the defendant committed the underlying crimes charged therein. Rather, the convictions tended to prove some other element of subsequent crimes charged. In *Loera*, a defendant's prior drunk driving misdemeanor judgments of conviction were admitted for the limited purpose of establishing the element of malice required for second degree murder, i.e., that the defendant had grounds to be aware of the risk that drunk driving presented to others. 923 F.2d at 729. Similarly, in *Wilson*, at the defendant's trial on escape charges, his prior misdemeanor judgment of conviction

6

for counterfeiting was admitted to establish that he had been incarcerated at the time that he was alleged to have escaped. 690 F.2d at 1275.

The admission of misdemeanor judgments of conviction under Rule 803(8), per *Loera* and *Wilson*, should be confined to the set of circumstances present in those cases. In other words, misdemeanor judgments of conviction may be admissible under Rule 803(8) to prove some other element of a subsequently charged crime, but they are not admissible to prove that the defendant actually committed the underlying crimes charged. *See Olsen*, 189 F.3d at 63 (citing 4 Mueller & Kirkpatrick, *Federal Evidence*, § 471, at 660). Without this limitation to its reach in place, Rule 803(8) would swallow whole Rule 803(22)'s prohibition against the admission of misdemeanor convictions resulting from pleas of nolo contendere. Such a result could not have been intended by the drafters of the Federal Rules of Evidence. In short, there was no basis under the Federal Rules of Evidence for the district court to have admitted the certified copies of Nguyen's misdemeanor nolo contendere convictions.

*Nguyen*, 465 F.3d at 1132.

We hold that the admission of Clay's three prior misdemeanor-DWI convictions was not an abuse of discretion under Rule 803(8). The evidence falls squarely within the public-records exception to the rule excluding hearsay. Further, as described by the Ninth Circuit in *Nguyen*, the evidence was admissible to prove an element of a subsequently charged crime—that Clay had been *convicted* of seven DWIs—not to prove that Clay actually committed the underlying misdemeanors charged; thus, the conflict that Clay argues exists between Rules 803(22) and 803(8) is resolved.

## V. *Prejudice*

Clay contends that he was prejudiced as a result of the circuit court's erroneous admission of the docket sheets. The three misdemeanor convictions added to his four prior felony convictions total seven prior DWI convictions. Accordingly, Clay was found guilty of DWI for the eighth time and was sentenced as a Class B felon. Ark. Code Ann. § 5-65-

7

111(f)(1). The minimum sentence for a Class B felon with four or more felony convictions is five years. Ark. Code Ann. § 5-4-501(b)(2)(C) (Repl. 2013).

Clay was sentenced for his eighth-offense DWI and as a habitual offender with four or more prior felony convictions to six years' imprisonment. He argues that the circuit court intended that he serve a lenient sentence despite his being a habitual offender and having eight DWI convictions. He asserts that had the three misdemeanors been excluded, he would have been found guilty of his fifth DWI, not eighth, and his minimum sentence would have been two years. Ark. Code Ann. § 5-65-111(e)(1)(A) (fifth DWI is an unclassified felony with a sentence from two to ten years). He concludes that he would have been sentenced to only three years if the circuit court had imposed a sentence of one year more than the minimum. This three-year difference is the prejudice he alleges he suffered due to the circuit court's decision to admit the evidence of his prior misdemeanors.

Clay's prejudice argument is based on speculation. The maximum sentence allowed under Arkansas Code Annotated section 5-65-111(e)(1)(A) for a fifth DWI is ten years. Further, Clay's habitual-offender status remains regardless of the circuit court's decision on the admission of the misdemeanor convictions. A habitual offender may be sentenced for an unclassified felony for not more than two times the maximum sentence for the unclassified felony offense. Ark. Code Ann. § 5-4-501(b)(2)(F). Therefore, had Clay been convicted of his fifth DWI offense rather than his eighth, the maximum allowable sentence would have been twenty years. Because he was sentenced to less than the maximum sentence under either his argued fifth-DWI scenario or for his eighth DWI, Clay cannot

demonstrate prejudice.  *See Lacy v. State*, 2018 Ark. App. 66, at 4 (no prejudice shown when sentenced to less than the statutory maximum).

Affirmed.

VAUGHT and BROWN, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.