Cite as 2021 Ark. App. 282

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV–20–221

| | | |
|---|---|---|
| JUAN D. CRUZ | | **OPINION DELIVERED** JUNE 2, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE MONROE COUNTY CIRCUIT COURT [NO. 48CV-18-25] |
| V. | | |
| | | HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED |

## ROBERT J. GLADWIN, Judge

Juan D. Cruz appeals the August 23, 2019 order of the Monroe County Circuit Court finding that the $65,850 seized from him is contraband under Arkansas Code Annotated section 5-5-101 (Repl. 2013). Cruz argues that the circuit court erred because (1) there is no private right of action for enforcement of the statute, and (2) the seized property is not contraband. We reverse.

### I. *Procedural History*

On February 26, 2018, appellee State of Arkansas filed a civil-forfeiture action to gain approval of its seizure of $65,850 in U.S. currency found in Cruz's vehicle during an arrest; alternatively, the State asked that the money seized be considered contraband and

retained for use by the arresting law enforcement agency.[1]  Ark. Code Ann. § 5-64-505 (Repl. 2016); Ark. Code Ann. § 5-5-101. Also on February 26, the State filed a "Notice of Seizure and Intent to Forfeit," which was personally served on Cruz in the Monroe County Jail on March 2.

On April 10, the circuit court entered an order of forfeiture, which deposited the $65,850 in the Monroe County Drug Control Fund.  Cruz appealed the order, and this court reversed and remanded because the order of forfeiture was filed before the time had run for Cruz to respond to the notice.  *Cruz v. State*, 2019 Ark. App. 91, 572 S.W.3d 27 (holding that Ark. R. Civ. P. 12(a)(1) is clear that a defendant who is incarcerated has sixty days after service to answer).

On remand, the circuit court took up Cruz's motion to dismiss at a hearing held on April 22, 2019.[2]   In his motion, Cruz argued that the money had been seized at the time of his arrest on April 8, 2015, but no seizure or forfeiture action was filed until February 26, 2018.  He claimed that under Arkansas Code Annotated section 5-64-505(g)(2)(A), the State's complaint should have been filed within sixty days after receiving a copy of the confiscation report from the seizing law enforcement agency on April 9, 2015.  He argued that the State may file the complaint after the expiration only if it is accompanied by a statement of good cause for the late filing, Ark. Code Ann. § 5-64-505(g)(3)(A), and that

---

[1]Cruz was charged with a terroristic act and being a felon in possession of a gun, and it was during his arrest in connection with these charges that the currency at issue was discovered by police.

[2]Cruz filed his motion to dismiss on April 10, 2018, and on May 2, he filed a motion to set aside the forfeiture order, but the circuit court did not rule on either motion.

2

no statement of good cause accompanied the late filing.  Finally, he argued that in no event should the complaint be filed more than 120 days after the date of seizure.  Ark. Code Ann. § 5-64-505(g)(3)(B).  Alternatively, Cruz argued that because he was not convicted of a drug crime and no drug charges were pending against him, "[e]ven if the court did consider the sums seized as contraband, the prosecuting attorney still failed to file the appropriate seizure and forfeiture complaint pursuant to Arkansas law."

At the hearing, Cruz asked that the petition for forfeiture be dismissed as argued in his dismissal motion.  The State argued that its petition for forfeiture "bootstraps in the contraband statute" and that the State had referred to section 5-5-101, the contraband statute, in its petition for seizure and forfeiture.  The State claimed that the contraband statute does not have the same time constraints as the civil-forfeiture statute, and it cited section 5-5-101(c)(2)(A) (in the discretion of the court having jurisdiction, any contraband capable of lawful use may be retained for use by the law enforcement agency responsible for the arrest).  The circuit court granted the motion to dismiss the forfeiture action and denied the motion to dismiss the State's contraband claim, finding that "there is no time frame for filing as to contraband."

On August 14, before the hearing began on the State's contraband claim, Cruz argued that the circuit court did not have jurisdiction because the forfeiture claim had been dismissed.  The following colloquy occurred:

DEFENSE:    I want to make clear that we are arguing that the court doesn't even have jurisdiction because if there's—if this actually wasn't filed within the time frame of the statutory [sic], then anything the court would be ruling [would] be outside of it.  There's no jurisdiction.

THE COURT: The State filed its petition based upon the 5-5-101 and 5-64-505; am I correct?

PROSECUTOR: That's correct, Your Honor. We agreed that the State take a part on the civil forfeiture part and 5-64 part, but the 5-5-101, there's no restrictions on that. From the State's perspective, I think that was part of our argument and discussion during the motion to dismiss that there was no similar restrictions for that procedure proceeding as there was on the civil forfeiture. And so contraband verses civil forfeiture, I think those were the issues we addressed on the previous date, Your Honor.

THE COURT: I—

DEFENSE: Your Honor, just for the record to be clear, what I guess what our argument is the vehicle by which the action is to be brought before the court. The cases that I'm aware of where that's even an issue would be in the courts that have the jurisdiction over the case where the contraband was issued. This is a civil case and that the court never—this court never had jurisdiction over or had any control over that. So, this is not the proper court to be even before to even seek to have it declared from contraband.

THE COURT: Where would you allege the jurisdiction would be?

DEFENSE: It would be—it would have been in the court where the criminal case under which Mr. Cruz was charged. And as a matter of fact, the cases that I've seen where they've discussed were filed—

THE COURT: Where is his criminal case filed?

DEFENSE: Before Judge Proctor.

PROSECUTOR: This county, Your Honor.

THE COURT: And so, I mean, Mr. Proctor and I are both circuit judges in the First Judicial District, so you're alleging that Judge Proctor should hear this case?

DEFENSE: Well, wherever the Judge is that did the criminal case. This court it would be like you hearing a divorce. You—it'd be like you taking care of Mr. Cruz's divorce.

4

THE COURT: Even under our administrative plan, Mr. Proctor (defense counsel), all cases are drawn, civil and/or criminal, by the clerk by random draw. And that's done on the civil side and on the criminal side. This case was assigned to me by that random draw as directed and approved by the Arkansas Supreme Court under our administrative plan. So, I have jurisdiction to hear this case.

DEFENSE: Your Honor, I'm not arguing that you don't have jurisdiction to hear certain types of cases. I'm saying that you cannot in a criminal case hear a divorce. That'd be like having a divorce action in a criminal case. What I'm saying, in this civil case, you cannot, under five, under the statute that the State is alleging, hear the case because that was not, that was a contraband argument that should have been raised before a criminal, the court that had under the criminal case number, not under the civil case number. When Your Honor dismissed and found that the vehicle that the State was using, which is the statutory vehicle under the forfeiture one, Your Honor—

THE COURT: 5-64-505.

DEFENSE: —exactly. You—the State has no standing. There's no civil procedure for the State to be able to proceed under the contraband statute. You do that through the criminal case if you're arguing that that's—that it's contraband. That's for that judge to determine if that in fact was contraband or not for another court.

THE COURT: Mr. Sharpe (prosecutor)?

PROSECUTOR: Yes, sir. It's my understanding that the court at the April 22nd hearing granted the motion to dismiss as to the civil forfeiture, not the contraband. The contraband is part of the argument in the pleading that was originally filed and served on Mr. Cruz. This is a new argument from the defense. I don't remember this being raised either in their pleadings or anything else that it should be back in the criminal division as opposed to this civil division. And again if in the pleading, it's not been raised. And it's not part of what the court granted the motion to dismiss. The court granted the motion to dismiss on the civil forfeiture, not the contraband. So, I don't care which division hears it, but it's out there and it's in this it's filed in this pleading, assigned to this division. And for the record, if we need to be

5

clear, the criminal case was in 48CR-15-28, just so the record's clear that Mr. Proctor [is] referring to the criminal case. That's the State's position, Your Honor.

THE COURT: All right. The petition was filed on February 26, 2018, in the civil forfeiture case, 48CV-18-25-3. The first paragraph reads, "Comes now the State of Arkansas by Fletcher Long, Jr., Prosecuting Attorney for the First Judicial District pursuant to Arkansas Code Annotated 5-64-505 and 5-5-101 as amended and the court's petition for forfeiture states . . ." The State has alleged two methods or two avenues by which they can bring this action. I have dismissed the avenue under 5-64-505 at the April 22nd hearing, but granted them authority to go forward on the contraband statute, Arkansas Code Annotated 5-5-101. This is assigned to me by random draw. I'm going to hear it today.

DEFENSE: And just for the record, Your Honor—just to be clear, jurisdiction can be raised at any time.

THE COURT: I understand that.

DEFENSE: The court has no jurisdiction.

THE COURT: You've made your record, Mr. Proctor. I understand. All right.

Thereafter, the State offered the testimony of two Arkansas State Police (ASP) officers and obtained admission of four exhibits: (1) "Statement of Rights Form," signed by Cruz in acknowledgement of his *Miranda* rights; (2) ASP videotaped interview of Cruz; (3) certified copy of Cruz's 2007 conviction in the United States District Court, Southern District of Texas, for possession with intent to distribute in excess of fifty kilograms of marijuana; and (4) certified copy of Cruz's 2002 conviction in the United States District Court, Southern District of Texas, for possession with intent to distribute less than fifty kilograms of marijuana.

6

The ASP officers testified that Cruz had been interviewed after he was Mirandized and that $65,850 was seized from Cruz's vehicle. During the videotaped interview, Cruz was asked whether he considered himself a mule, and he responded, "I guess I mean." When asked how long he had "been in it," Cruz responded, "About fifteen years or more," and stated that he got involved when he "[s]tarted nickel and diming." Cruz also stated to police that some pictures on his phone depicted bundles of money. One of the testifying officers stated that during the interview, Cruz wrote "cartel" on the whiteboard and then quickly erased it. Both the officers stated that Cruz did not have any drugs in his possession when he was arrested.

The circuit court ruled as follows:

> Thank you. All right. The court first notes that when Ms. King (defense attorney) was here in April, the court dismissed a portion of the complaint or petition filed by the State, which deals with Arkansas Code Annotated section 5-64-505. Under that statute, drugs would be required to be present. But the court dismissed that claim, and the State is proceeding at this point solely under Arkansas Code Annotated section 5-5-101.

> The court finds that the Defendant admits after *Miranda* or post *Miranda* that he is a "mule." And the court notes that that term is used as someone who hauls some sort of property under circumstances prohibited by law whether it be cash, people, other property, physical property, whatever it may be.

> The court also finds that the Defendant admits that he is associated with a cartel by going and writing that on the whiteboard and immediately releasing it—erasing it—excuse me. There is no requirement that drugs be present. The court finds pursuant to Arkansas Code Annotated section 5-42-202(A)(a)(2) [sic].[3] The court determines that this is property associated and possessed under circumstances prohibited by law, based upon the admission of the defendant's own—that he is a "mule."

---

[3]As urged by the State in its closing argument, the circuit court relied on Ark. Code Ann. § 5-42-202, which contains general legislative findings regarding criminal gang activity and money laundering. However, in the written order, this statute is not mentioned.

7

The court also having admitted into evidence State's 3 and 4, which are his two criminal convictions in the United States District Court for the Southern District of Texas.

The court determines that the $68,850.00 is contraband.

The court's ruling was formalized in an order filed August 23, 2019, and this appeal timely followed.

## II. *Standard of Review and Applicable Law*

Recently, this court determined our standard of review in a contraband case:

We have found no cases specifically setting forth the standard of review for an appeal arising under section 5-5-101. The circuit court in this case, however, held a hearing and considered testimony on the relevant issues. Our standard of review is therefore that of a bench trial. *See, e.g.*, *Sharp v. State*, 350 Ark. 529, 531–32, 88 S.W.3d 848, 850 (2002) (setting forth standard of review in an appeal considering whether certain machines were illegal gambling devices). Under this standard of review, we determine whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Id*. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id*.

. . . .

We review issues of statutory interpretation de novo because it is for this court to decide what a statute means. *K.F. v. State*, 2019 Ark. App. 312, at 3, 578 S.W.3d 324. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *J.L.W. v. State*, 2019 Ark. App. 40, at 5, 570 S.W.3d 480, 483. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id*.

*Herron v. State*, 2019 Ark. App. 367, at 3–5, 583 S.W.3d 408, 410–11.

Arkansas Code Annotated section 5-5-101(a) provides that any seized property shall be returned to the rightful owner or possessor of the seized property except contraband owned by a defendant. The State relies on section 5-5-101(b)(1)(A), which provides that

8

"contraband" means any article possessed under circumstances prohibited by law. The statute further provides that contraband shall be destroyed, except that in the discretion of the court having jurisdiction, contraband may be retained for use by the law enforcement agency responsible for the arrest. Ark. Code Ann. § 5-5-101(c)(1), (2)(A).

### III. *Private Right of Enforcement*

Cruz argues that the circuit court erred by finding that the currency seized from him was contraband because there is no private right of action under section 5-5-105. He asserts that the statute is part of the criminal code, and he claims that the plain language of the statute does not create a private right for the disposition, return, or sale of the items designated as contraband. Ark. Code Ann. § 5-5-105(c), (d). He reasons that if the legislature had wished to create a private right, it could have done as it did in the forfeiture statute. *See* Ark. Code Ann. §§ 5-5-201 to -501.

Cruz relies on *Anderson v. Sharp County*, wherein the Arkansas Supreme Court reversed and dismissed the county's suit for replevin. 295 Ark. 366, 370, 749 S.W.2d 306, 308 (1988). The court held that jewelry accepted as a bribe by a county judge was contraband under section 5-5-101, and that Sharp County was not the owner of the jewelry; thus, the county could not maintain a replevin action. *Id*. Likewise, Cruz argues that the State of Arkansas does not have a private right of action under section 5-5-101; instead, the proper venue would have been in the criminal case.

The State contends that Cruz's argument is not preserved for appellate review because he did not make the argument to the circuit court. He contends that Cruz's argument below was that the circuit court lacked jurisdiction to consider whether the

9

money is contraband because it was "sitting in the civil division."  We disagree with the State's characterization of Cruz's argument below.  In addition to the argument related to the circuit court's jurisdiction, Cruz maintained that the money seized could not be taken by the State through a contraband claim imbedded in a civil-forfeiture action that had been dismissed.  Defense counsel argued,

> There's no civil procedure for the State to be able to proceed under the contraband statute. You do that through the criminal case if you're arguing that that's—that it's contraband. That's for that judge to determine if that in fact was contraband or not for another court.

Accordingly, we hold that Cruz's argument is preserved for appellate review.  *See Tilley v. Malvern Nat'l Bank*, 2017 Ark. 343, at 12, 532 S.W.3d 570, 577 (holding that argument made in circuit court encompassed argument on appeal and was preserved for review).

Having determined that the issue is preserved, we further hold that the circuit court erred in allowing the State to proceed under the contraband statute.  The State argues that section 5-5-101 governs the disposition of contraband and seized property and expressly prohibits the return of seized contraband owned by a defendant.  It further contends that contraband is summarily forfeitable under the statute and that Cruz offers no authority for the proposition that the civil division of circuit court lacked the authority to determine that the seized money is contraband and "subject to summary forfeiture."

Under the forfeiture statute, money may be forfeited when it is used in exchange for controlled substances or is the profit from such an exchange.  Ark. Code Ann. § 5-64-505(6)(A).  However, the State's civil-forfeiture action, which is premised on the seized money being subject to the Controlled Substances Act as described under section 5-64-505(6)(A), was dismissed as untimely filed.  *See Cruz, supra*.  The State urged the circuit

10

court to "bootstrap" its contraband claim allowing the State to proceed under the dismissed forfeiture action by virtue of the contraband statute. We can find no authority for such a stance. To allow the State to proceed under the contraband statute in this way would expand the forfeiture statute, giving no meaning to the time constraints that we held prevented the State's forfeiture action in this case. *See id.*

IV. *Contraband*

Cruz also argues that the circuit court's contraband finding is clearly erroneous, and the State counters that Cruz admitted he was working as a drug "mule," negating Cruz's argument that the money could have come from working with his father as an electrician. Assuming arguendo that the circuit court had jurisdiction over the State's claim, we can find no case to support an assertion that money, in and of itself, may be considered contraband when it is not seized in connection to charged criminal activity. In *Henry v. State*, 280 Ark. 24, 655 S.W.2d 372 (1983), the Arkansas Supreme Court reversed a finding that the money seized during an arrest for illegal gaming was contraband. The court stated,

> As far as this case is concerned, that statute defines contraband as "any article possessed under circumstances prohibited by law." [citing the former contraband statute Ark. Stat. Ann. § 41-1401(2)(a)]. It also provides that contraband capable of lawful use shall be sold at public auction; otherwise it shall be destroyed. Neither disposition seems to be appropriate when the asserted contraband is currency. More important, however, the appellants were charged merely with betting on a gambling device, a misdemeanor punishable by a fine of from $50 to $100. § 41–3255, *supra*. No one questions the officers' right to seize the twenty-dollar bill that was on the dice table when the game was raided. That bill might perhaps be regarded as contraband. But the statute does not prohibit a person from having currency in his hand or pocket while waiting to make a future bet; so here the money was not, in the language of the statute, "possessed under circumstances prohibited by law."

*Id.* at 25–26, 655 S.W.2d at 372–73. Justice Purtle's concurrence states:

11

I concur in the well-reasoned majority opinion although I cannot agree with the dicta which states a $20 bill, may be regarded as contraband. Ark. Stat. Ann. § 41–1401 (Repl. 1977) does not state money is contraband. It does state that contraband shall be destroyed or sold. It is illegal to destroy currency and if it were sold it would be sold in exchange for the same thing. I simply do not want to imply that we will or might in the future declare cash money to be contraband. It may, however, be confiscated under certain circumstances, such as here. No one is contesting the right of the state to keep the $20 bill.

*Id.* at 26, 655 S.W.2d at 373 (Purtle, J., concurring).

Here, the money was seized when Cruz was arrested for shooting a gun at another vehicle while traveling on the interstate. He was charged with committing a terroristic act and being a felon in possession of a firearm. When $65,850 was found in his vehicle, police questioned him about the money. Nevertheless, no drugs were found, and he was not charged with any drug-related offense. Because the statute does not prohibit a person from possessing currency while committing either of the charged criminal acts, the money was not "possessed under a circumstance prohibited by law." Ark. Code Ann. § 5-5-101(b)(1).

Because the circuit court erred in proceeding under the contraband statute, we reverse.

Reversed.

VAUGHT and BROWN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.